HERBERT H. HOYT v. DULUTH & IRON RANGE RAILROAD COMPANY.

SAME v. THOMAS H. MARTIN and Another.[1]

February 21, 1908.

Nos. 15,432—(178, 179).

**Conversion—Evidence of Good Faith.**

In an action to recover for the conversion of timber, the evidence considered, and *held* sufficient to sustain the verdict of the jury to the effect that the trespasser from whom the respondents purchased the timber had acted in good faith in the belief that he had the right to cut and sell the timber, and that the respondents were therefore liable only for the stumpage value.

**Question for the Jury.**

Whether a person acts honestly and in good faith in a certain transaction is ordinarily a question of fact for the jury.

**Question of Good Faith.**

Whether a purchaser of standing timber from a person who claims to own or control the same and have the right to dispose of it is justified in relying upon such statements without examining the records for the purpose of discovering who is the actual owner is a question of fact, to be determined from a consideration of the conditions surrounding the parties and their present and past relations, business and personal. A person might in good faith rely upon such a statement under certain circumstances, when he would not be entitled to do so if the circumstances were otherwise. The conclusion of good or bad faith is therefore proper-

---

[1] Reported in 115 N. W. 263.

ly a question for the jury, subject to the ordinary rules which govern courts in reviewing verdicts.

Two actions in the district court for St. Louis county, one to recover $350 and the other to recover $2,000, for the conversion of certain timber. The cases were consolidated by stipulation and tried together before Dibell, J., and a jury which rendered a verdict in favor of plaintiff in the first action for $29.66 and in the second action for $59.33. From an order denying his motion for a new trial in each case, plaintiff appealed. Affirmed.

*John A. Keyes,* for appellant.

*H. B. Fryberger,* for respondents.

ELLIOTT, J.

These two cases were by stipulation of the parties consolidated and tried together, and were submitted to this court as one action. The appeal is from an order denying the plaintiff's motion for a new trial.

The actions were brought to recover for the conversion by one Hill of certain ties and pulp wood, belonging to the appellant and by Hill sold and delivered to the respondents. It appears that Hill cut the timber upon the land under an arrangement with one Massey, who represented the Price Lumber Company, which furnished the money with which Hill was doing business. It is admitted that the title to the land and timber in question was in the plaintiff, and that a trespass was committed by Hill. The respondents had nothing to do with the cutting of the timber, nor had they any knowledge that a trespass had been committed. They purchased the timber from Hill, and the question is whether Hill was a wilful trespasser, so as to render the respondents liable for the value of the timber at the time and place of its actual conversion by them.

The numerous assignments of error raised but two questions: First, the correctness of various rulings of the trial court under which evidence was received of conversations between Hill and Massey and Massey and a party named Brotherton, who assumed to control the timber, and also statements of Hill and Massey to the effect that they believed they had the right to cut the timber; second, the sufficiency of the evidence upon the issue of good faith.

1. The answer alleged that Hill committed the trespass innocently

and inadvertently, while using proper care to ascertain the exact line between the plaintiff's land and the land upon which the defendants were entitled to cut the timber.   Upon the trial this line of defense seems to have been abandoned, and evidence was received which tended to show certain conversations from which the jury was asked to infer that the defendants and Hill had acted in good faith.   The trial court states that the issue of good faith was litigated by consent.   This is denied by the appellant; but the issue is immaterial, as the evidence was admissible under the pleadings.

Good faith, in an action of this nature, is not a defense.   It is matter in mitigation of damages only, and therefore need not be pleaded.   Hoxsie v. Empire Lumber Co., 41 Minn. 548, 43 N. W. 476.   Wilfulness is implied from the trespass, and the burden is on the trespasser to show that the trespass was not wilful.   Hastay v. Bonness, 84 Minn. 120, 86 N. W. 896.   It is wholly a matter of proof, and not of pleading.   The evidence of the conversations and dealings between Massey and Hill and Massey and Brotherton was admissible.   As stated by the trial court: "There is no serious question as to the competency of such testimony.   The charge was of wilful trespass by some one, not the defendants, but for which trespass the defendants were liable because they purchased from the trespasser, although in good faith, and the evidence was in disproof of the allegations of wilful trespass. * * * It is original evidence of a fact proper to be proved."

2. The contention that the testimony of Hill and Massey, to the effect that they acted in good faith and in the belief that they had the right to cut the timber, was improperly received, rests upon the assumption that before a party can testify to his belief it must appear that there was reasonable basis for his belief.   It is asserted that no such basis existed here, because neither Hill nor Massey made a reasonable investigation to ascertain who owned the timber.   The failure of a party to make a full investigation as to the facts is strong evidence of bad faith, but it cannot be said as a matter of law that upon the facts of this case Hill and Massey were so negligent as to foreclose the question of their actual good faith and honesty.   The question was whether Hill had reasonable ground to believe, and did in fact believe, that he had a right to cut the timber.   He was a com-

petent witness to the fact of his own belief and good faith. Hoxsie v. Empire Lumber Co., supra; 1 Wigmore, Ev. § 581.

3. The evidence was sufficient to carry the question of the good faith of the defendants and of Hill and Massey to the jury and justify the trial court in refusing to set aside a verdict in favor of the defendants. Without going into details, it is enough to state that there was evidence tending to show that Massey had a conversation with one Brotherton, who appeared and assumed to represent the Le Sure Lumber Company, and that Brotherton then told Massey that the company had certain lands on which they had cut the pine timber and upon which the tamarack and spruce remained standing, and that this timber was for sale. Brotherton gave Massey a map or plat of lands showing the timber owned by the company, and upon this plat there appeared the lands of the appellant from which Hill afterwards cut the timber in question. Massey, having looked over the lands and finding some timber there, went to Hill, informed him of the conversation with Brotherton, and showed him the plat. He then told Hill to go ahead and cut the timber, while he himself would close the contract for the timber with the Le Sure Lumber Company. Massey then went to the lumber company people and told them of his deal with Brotherton. He paid the company the agreed price of $50 for the timber, and directed that a bill of sale should be made out and delivered to Hill. Hill did not receive the bill of sale until after the timber had been cut and removed, and until he did receive it he had no information as to the fact that the lumber company did not own the land. After the money was paid to the company, its representative checked the list of lands and discovered that the company did not own the land in question. It is not clear whether Massey learned of the fact before the bill of sale was delivered to Hill. However that may be, the knowledge of Massey could not be imputed to Hill, if the latter was an independent contractor, as was claimed by both Massey and himself.

The court permitted the defendants to show this condition of affairs. Hill testified that he supposed that the timber belonged to the Le Sure Lumber Company, and that the right to cut it had been acquired from the company through Brotherton, who represented it in such matters. Massey testified to his conversation and transactions

with Brotherton and the company, and to his good faith in the matter. The respondents had no actual knowledge of the transaction. They purchased the timber from Hill, and concede their liability for the stumpage value. We think this made a case for the jury upon the issue of good faith. The appellant claims that due care on the part of Hill required that he should examine the records and learn who was the actual record owner of the land, and that his failure to do so or to make inquiries was gross negligence, which in law amounted to wilfulness.

Good faith, like fraud, is hardly capable of exact definition. It is a question of fact, which depends upon many circumstances and conditions. It is generally a question for a jury to determine, and we find no reason for concluding that the jury did not reach a proper conclusion in this case.

All the assignments of error have been considered, and found without merit.

Order affirmed.