## 31937. FETZ *v.* KREILING.

Decided April 15, 1948.

*Marvin O'Neal Jr., Ernest H. Stanford,* for plaintiff in error.
*George B. Rush,* contra.

PARKER, J. In the briefs of counsel before this court the only question raised is whether the evidence showed that the owner sought possession of the premises in good faith for her own use and occupancy within the meaning· of the Federal rent regulations. "(a) So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodation . . unless: . . (6) . . The landlord owned, or acquired an enforceable right . . to possession of the housing accommodations prior to the effective date of regulation . . and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself." Rent Regulation for Housing, Rev'd. July 1, 1945, § 6(a)(6), Office of Price Administration. The real question presented is the meaning of the term, "good faith," as used in this regulation.

While it may be conceded that there was some conflict in the testimony, we think that the evidence as a whole authorized the finding in favor of the plaintiff. Mrs. Kreiling testified: that she was the sole owner of the premises in question (the building being a two-unit apartment house, and it appearing that at the time of the trial the plaintiff occupied the upper apartment along with her son, a student, her daughter and son-in-law and their child); that she expected to occupy the lower apartment herself upon securing possession thereof, and that her aged moth-

er who was unable to go up and down stairs, and who had no one else to look after her, and no other place to go, would live with the plaintiff in the lower apartment; that her daughter would continue to occupy the upper apartment and would assist the plaintiff in looking after the mother; that the plaintiff was a widow and had to work to earn a living; and that for these reasons she needed the presence of her daughter to aid her in caring for her mother. We think that this evidence was sufficient to show that the plaintiff sought possession of the premises in question for her own personal use and occupancy, and that she did so in good faith. Her reasons for seeking possession for her own use and occupancy may include her desire to care for her aged mother, but this would not defeat the action. If she honestly and in good faith wanted possession for her own use the reasons would be immaterial. The landlord has shown good faith, if from a broad view of the evidence it appears that he "honestly intends to actually occupy the premises, that occupancy for his own use is his primary motive, and that he is not guided by an ulterior motive, the object of which is to evade or defeat the purposes of the statute." Staves *v.* Johnson, D. C. Mun. App. (44 Atl. 2d, 870, 871). As was said in Sviggum *v.* Phillips, 217 Minn. 586 (15 N. W. 2d, 109) " 'Good faith, like fraud, is hardly capable of exact definition. It is a question of fact, which depends upon many circumstances and conditions. It is generally a question for a jury to determine.' (Quoting from Hoyt *v.* Duluth &c. R. Co., 103 Minn. 396, 115 N. W. 263). On the issue of good faith under the O. P. A. rent regulations, all the circumstances must be taken into consideration in determining whether a landlord is merely attempting to juggle his property for profit, or legitimately requires it to live in." See Nofree *v.* Leonard, 327 Ill. App. 143 (63 N. E. 2d, 653), and Hart *v.* Brown, 328 Ill. App. 133 (65 N. E. 2d, 241).

As to the question of good faith, this had to be decided by the trior of the facts, and a finding adverse to the contentions of the plaintiff in error has been made and is supported by the evidence. While there was some evidence which would have authorized a finding that the plaintiff at one time may have intended to allow her daughter and son-in-law to move into the

apartment in question, while she continued to occupy the one above, we think that the evidence clearly showed that the plaintiff had abandoned such an intention, if she ever had it, before the dispossessory proceeding was instituted, and that she no longer had such an intention. The plaintiff testified that her relations with the defendant and his wife had been cordial and friendly, that she regarded·them as friends, and that she expected them to vacate the apartment at her request and without any unusual or unnecessary delay. This testimony, along with other like it in the record, tended to show a lack of bad faith or malice on the part of the plaintiff, and that she acted in good faith in dispossessing the defendant. We think that the judgment for the plaintiff was authorized.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*