# E. W. HUMPHREY AND ANOTHER v. TOWN OF GOOSE PRAIRIE.[1]

November 22, 1940.

No. 32,460.

*Christian G. Dosland,* for appellants.
*Henry C. Stiening,* for respondent.

STONE, JUSTICE.

Suing for the value of their services rendered to a pauper in emergency, plaintiff surgeons met a verdict for defendant and appeal from the order denying their motion for a new trial. Their only challenge of the verdict is for insufficiency of the evidence to sustain it.

The pauper was a minor, a young man almost but not quite 20 years of age, when plaintiffs successfully operated on him. Not having been paid by either the minor or his father, they sue the town wherein both father and son had their settlement. The action is based upon 1 Mason Minn. St. 1927, § 3159, which provides as follows:

[1]Reported in 295 N. W. 53.

"When any such poor person has none of the relatives named in § 3157, or they are not of sufficient ability, or refuse or fail, to support him, he shall receive such support or relief as the case may require from the county, town, city, or village in which he has a settlement at the time of applying therefor, as hereinafter provided."

Section 3157 imposes upon the parents the duty of supporting the son. Only if, under § 3159, they were not of sufficient ability or refused to support him, is the defendant town liable.

It is enough to make it impossible to disturb the verdict that the evidence leaves in the realm of fact the questions both of the father's ability and his refusal to pay. The father testified that he was willing to pay when he was able. He is a tenant farmer. There is evidence of his ownership of such a substantial amount of personal property, particularly livestock, with an encumbrance so small in proportion to its value, that the verdict of the jury, implicit with a finding of financial ability adequate to the need, has the required support of reasonable inference.

In contrast are such cases as Hendrickson v. Town of Queen, 149 Minn. 79, 182 N. W. 952, and State ex rel. County of Stearns v. Klasen, 123 Minn. 382, 143 N. W. 984, 49 L. R. A. (N. S.) 597, where either there was established refusal of support by the relatives charged therewith or their inability to supply it. Compare Evangelischer Verein v. Town of Cannon City, 191 Minn. 132, 253 N. W. 97.

Order affirmed.