## RUTH S. HOREISH v. JOHN H. HOREISH.[1]

November 29, 1940.

No. 32,499.

*Frederick P. Bradford,* for appellant.
*O'Brien, Horn & Stringer,* for respondent.

PER CURIAM.

The history of domestic infelicity leading to the divorce of the parties need not encumber this opinion. The defendant, having remarried, finds it irksome to pay alimony to his former wife and seeks complete relief from so doing. Originally the court had ordered him to pay $100 per month. Under threat of contempt he paid this for some months, persistently, however, seeking a reduction. He now seeks relief on three grounds, none of which we find tenable. Plaintiff has a life certificate as a gymnasium teacher but has found no employment as such and now lives with relatives to whom she is unable to pay her board. Her inheritance from her father's estate produces but trivial income, and the reduction of defendant's professional and nonprofessional income does not justify interference with the present order either as to future payments or as to arrears. The appeal is wholly without merit. The respondent is allowed $150

[1]Reported in 295 N. W. 53.

attorneys' fees in this court in addition to her statutory costs and disbursements.

Order affirmed.