FOX, J.
 

 Plaintiff seeks to recover from the defendants, for her own immediate occupancy as a dwelling, the possession of certain described premises in the city of Los Angeles. Defendants have been occupying said premises on a month to month tenancy since March 21, 1942. On August 20, 1943, plaintiff served defendants with a written notice terminating their tenancy on September 22, 1943, and within twenty-four hours thereafter, served a copy of said notice upon the Office of Price Administration, Rent Control Division, Los Angeles office, as required by O.P.A. Rent Regulation For Housing (8 Federal Register 7322, issued pursuant to the Emergency Price Control Act of 1942, Pub. L. No. 421, 77th Cong., 2d Sess., c. 26; 56 Stat. 29.)
 

 Plaintiff testified that she was then living in an upper flat of a four-family flat building, which consisted of three rooms and a bath; that her family consisted of herself and an adult niece; that she had formerly lived in a large house with her husband, but that after his death in August, 1942, “she could not bear to live there any longer and moved out to the flat where she now lived”; and that she still owned the house where she formerly lived, which was larger than the house occupied by the defendants, and rented for $15 per month more. Plaintiff also testified that she had been employed at a defense plant, working the “graveyard” shift and attempting to sleep during the daytime, but that she had not been able to sleep well in her flat, due to the noise caused by several small children, who lived in the building, running up and down the halls. She further testified that she had been ill and unable to work for some time and that “one of the reasons why she wanted to live in her own home was to use
 
 *Supp. 844
 
 the sun deck which it had,” and that “she sought in good faith to secure possession of the premises as a permanent dwelling for herself.” No testimony was offered by or on behalf of the defendants, and plaintiff’s testimony was not otherwise challenged.
 

 On the issue of plaintiff’s good faith, the trial court made the following finding: “The Court finds no necessity for plaintiff to occupy said premises, and for this reason only, finds that plaintiff’s desire to recover possession for her immediate use and occupancy is not in good faith. The Court finds that plaintiff’s desire to recover possession of said premises for her immediate use and occupancy as a dwelling for herself is not in good faith because the Court finds no necessity for plaintiff to occupy said premises.” Based on this finding, judgment was rendered for the defendants.
 

 The trial court was clearly in error in holding that plaintiff was not entitled to prevail because she failed to establish that it was necessary for her to have possession of the housing accommodations in question for her immediate use and occupancy. The test of the owner’s right to recover possession of housing accommodations for his own immediate use and occupancy is not his necessity but his good faith. The O.P.A. Rent Regulation covers this precise point. Section 6(a) of said Regulation provides that “no tenant shall be removed from any housing accommodations . . . unless: . . . (6) The landlord . . . seeks
 
 in good faith
 
 to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself.” (Emphasis added.) The phrase “in good faith” is borrowed from equity jurisprudence and must be interpreted accordingly (28 C.J. 715). It simply means “honestly; without fraud, collusion, or deceit; really, actually, without pretense.”
 
 (Docter
 
 v.
 
 Furch
 
 (1895), 91 Wis. 464 [65 N.W. 161, 164] ;
 
 Heney
 
 v.
 
 Sutro & Co.
 
 (1915), 28 Cal.App. 698, 702 [153 P. 972] ;
 
 Peden Iron & Steel Co.
 
 v.
 
 Jenkins
 
 (Tex. Civ.App. 1918) 203 S.W. 180, 188;
 
 Waugh
 
 v.
 
 Prince
 
 (1921), 121 Me. 67 [115 A. 612, 614].)
 

 On the issue of good faith, it is proper for the court to consider all the facts and circumstances which the owner appears to have regarded as important in forming his desire to occupy the housing accommodations himself. Thus his necessity may be relevant on that issue, but it is only one of the factors to be considered. The criterion still remains as the owner’s good faith.
 

 
 *Supp. 845
 
 If it had been the intention to make the owner’s necessity the test in determining his right to recover possession of housing accommodations, it would have been very simple to have so provided. The absence of such a provision indicates the absence of any such intention on the part of those who drafted the regulation.
 

 Here the evidence discloses a reasonable basis for plaintiff’s desire to occupy the premises in question. There is no evidence presented and no basis for an inference that she was not acting in good faith.
 

 Defendants argue that, in any event, the complaint fails to state a cause of action. They base this contention on the provisions of the said Rent Regulation, to the effect that a tenant shall not be removed from housing accommodations in order that a landlord may occupy them unless the landlord can establish that he either owned or acquired an enforceable right to buy or the right to the possession of such housing accommodations prior to the effective date of the Regulation, which was November 1, 1942, for this Defense-Rental Area (section 6(a) (6)), or if he has acquired the property since that date, that he has secured from the Administrator of the O.P.A. a certificate authorizing the eviction of the tenant. (Section 6(b) (1).) In order for an owner to prevail in such a case, he must bring himself within one or the other of these provisions, and his complaint should contain appropriate allegations to that end. The complaint here fails to allege when plaintiff acquired the property or that she has a certificate from the administrator for the eviction of the defendants. This defect in the complaint would not be fatal to the judgment, were it otherwise correct, because plaintiff testified without objection that she owned the property prior to November 1, 1942, and the court made an express finding to that effect. It thus appears that the issue was litigated and determined by the court without objection, as though the complaint sufficiently stated a cause of action. “The rule applicable to the above situation is clearly stated in 2 California Jurisprudence, page 242, section 71, as follows: ‘Where the trial proceeds in all respects as though the complaint sufficiently states a cause of action, and the defendant goes to trial upon the theory that there is a material issue, and allows evidence to be received upon such issue without objection in any way, and the court makes a
 
 *Supp. 846
 
 finding upon such evidence upon the theory that the proper issue is made by the pleadings, with no objection from either party, the parties will not, nor will either of them, be allowed on appeal to say, for the first time, there was no such issue. ’ ’ ’
 
 (Asnon
 
 v.
 
 Foley
 
 (1930), 105 Cal.App. 624, 629 [288 P. 792].) However, upon a retrial, plaintiff should be permitted to amend her complaint.
 

 The judgment is reversed, and the cause is remanded to the municipal court for a new trial, appellant to recover her costs of appeal.
 

 Shaw, P. J., and Kincaid, J., concurred.