LELEK v. BAKER.

1. LANDLORD AND TENANT—RENT REGULATIONS—GOOD FAITH—EVIDENCE.

In landlord's summary proceeding to obtain possession of a flat after office of price administration rent control regulations had become effective and rent was reduced from $60 to $52 a month, finding of trial judge who made a careful personal investigation of the premises involved that there was a lack of good faith on the part of plaintiff to recover possession of such flat for occupancy as a dwelling for himself was sustained under record presented and was not contrary to the great weight of evidence nor to the applicable law (8 F. R. 7322, 7326).

2. COSTS—BRIEFS ON APPEAL.

No costs are allowed on appeal upon affirmance of judgment where appellee did not file a brief.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted April 11, 1944. (Docket No. 75, Calendar No. 42,734.) Decided June 5, 1944.

Summary proceedings by Vincent Lelek against James Baker before a justice of the peace to obtain possession of an apartment. Judgment for plaintiff. Defendant appealed to circuit court. Judgment for defendant. Plaintiff appeals. Affirmed.

*Frank G. Schemanske,* for plaintiff.

NORTH, C. J. This is an appeal in a summary proceedings in which plaintiff sought repossession of

premises occupied by defendant as tenant. Plaintiff is the owner of two flats, an upper and a lower, located at 7600 E. Morrow Circle, Dearborn, Michigan. Defendant has rented and occupied the lower flat for eight years. Plaintiff also owns and together with the members of his family occupies a dwelling at 7025 Hartwell avenue. Shortly after Office of Price Administration rent regulations became effective and thereby defendant's rent was reduced from $60 to $52 per month, plaintiff by summary proceedings sought to terminate defendant's tenancy. Judgment was entered against plaintiff. About a year later the present summary proceedings were instituted before a justice of the peace; and upon hearing plaintiff had judgment for possession of the Morrow Circle flat occupied by defendant. From the judgment entered defendant appealed to the circuit court of Wayne county where the case was heard without a jury. Judgment was entered in favor of defendant and plaintiff has appealed.

It appears from the record that except for the restrictions contained in the O. P. A. rent control regulation, plaintiff would have been entitled to terminate defendant's tenancy and to repossess the property. Incident to the present proceedings plaintiff, in an attempt to conform to the O. P. A. rent control regulations, served on defendant and on the O. P. A. a notice of eviction wherein he assigned as grounds for proceeding against defendant the following:

"1. My present quarters are overcrowded, since my married daughter and grown son live with me and my wife in a one-family dwelling.

"2. My wife's age and physical condition require that my wife have peace and all rooms on one floor, present quarters consisting of three rooms down and three up.

"3. My daughter, who to date is under the care of the University of Michigan Hospital, will live with me, because I no longer can afford to pay for her keep at said hospital, and because she needs a room all of her own.

"4. My present residence is absolutely unsuitable for quartering my daughter now at the U. of M. Hospital."

The pertinent portion of the O. P. A. rent control regulation is embodied in the Rent Regulation for Housing, section 1388.1181, subsection 6 (a) (6) (8 F. R. 7322, 7326 [CCH War Law Service, par. 49,-129]). It is therein provided in substance that under circumstances presented by the instant case a landlord may not dispossess a tenant unless the landlord "seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself." The circuit judge was of the opinion that plaintiff in seeking to dispossess defendant was not acting "in good faith" because of plaintiff's desire to occupy the premises, but instead that plaintiff in prosecuting the instant proceedings was motivated by ulterior reasons about to be noted.

There is testimony from which it may fairly be inferred that plaintiff determined to oust defendant from possession because under O. P. A. rent control regulations the rental was reduced from $60 to $52 per month. It also is a reasonable conclusion from the testimony that the primary purpose of plaintiff in seeking to dispossess defendant is that plaintiff wished to permit his married daughter and her husband and one of plaintiff's sons who was contemplating marriage to occupy plaintiff's property on Hartwell avenue, rather than plaintiff having any bona fide need of occupying the Morrow Circle flat. Further the testimony is quite decidedly against

plaintiff's statement in the notice of eviction that his wife's age and physical condition require and would be benefited by moving from plaintiff's present residence into the flat occupied by defendant. As to the condition of plaintiff's daughter who is afflicted with pulmonary tuberculosis the record discloses that her needs can be met as well and perhaps better in plaintiff's present place of residence rather than in the flat of which he seeks to dispossess defendant.

On the two phases of the case last above noted the trial judge took commendable pains in making a careful personal investigation. This was done by the circuit judge with consent of counsel in the case. It is therefore apparent that the judge was in a much more advantageous position to pass upon the merits of plaintiff's contentions than a reviewing Court having access to a printed record only. We quote the following from the opinion filed by the trial judge:

"It is the court's opinion that the plaintiff wants possession of the lower flat on Morrow Circle for the only purpose of providing space for his married daughter and son-in-law and for his son who expects to be married. It is obvious to the Court that if his son did not marry, that the place on Morrow Circle would not be large enough to accommodate plaintiff and his wife, his two sons and the daughter who is now at the University of Michigan Hospital. * * *

"The court is of the opinion that the plaintiff should not be allowed to do indirectly what he cannot do directly. In other words, that the court would not evict the defendants, in order to place the plaintiff's daughter and son-in-law in the flat; nor, should the court evict these tenants, in order to allow the daughter and her husband to live in the home on Hartwell.

"The court is, therefore, finding a lack of good faith on the part of the plaintiff and finding the defendant not guilty, with costs to the defendant."

The two contentions made by appellant are that (1) the trial court erred in holding that the evidence disclosed lack of good faith on the part of plaintiff, and (2) that the finding and judgment of the trial court was contrary to the great weight of evidence and contrary to the applicable law. Our conclusion from a careful review of the record is that neither of the above contentions on the part of appellant is well founded. The judgment entered in the circuit court is affirmed. Appellee not having filed a brief no costs will be allowed on this appeal.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.