LINA SVIGGUM v. FRANK PHILLIPS.[1]

June 16, 1944.

No. 33,715.

*Victor M. Petersen,* for appellant.
*Desmond F. Pratt,* for respondent.

YOUNGDAHL, JUSTICE.

Plaintiff appeals from a judgment in an unlawful detainer action entered pursuant to the court's order directing a verdict in favor of defendant.

The material facts are these: Plaintiff, an elderly, unmarried woman, owned a four-flat apartment house located in the city of Minneapolis. The apartments, two on the first floor and two on the second, were rented to tenants from month to month. Plaintiff occupied apartment No. 2, located on the first floor, from 1930 to 1933, but since that time has resided at a hotel. The apartments

[1] Reported in 15 N. W. (2d) 109.

were ordinarily rented unfurnished, but, upon leaving apartment No. 2, plaintiff moved most of her furniture into apartment No. 3 on the second floor and thereafter rented that apartment furnished. The remainder of her furniture was stored in the basement. In February 1942, apartment No. 2 was vacated, and plaintiff made plans to remove her furniture from apartment No. 3 and again make her home in apartment No. 2. This plan did not materialize, and in April 1942 plaintiff rented apartment No. 2, unfurnished, to the defendant. The record indicates that the relationship between the parties became unfriendly during the first month of the tenancy, and a series of disputes arose thereafter involving the maximum rental for the apartment as permitted by the regulations of the Office of Price Administration (commonly referred to as OPA).

In June 1943, plaintiff was notified that the Zimmerleys, tenants in apartment No. 3, were leaving. Her furniture was thus again available for personal use. She notified defendant on June 28 that she desired apartment No. 2 for her individual use and requested he surrender possession on or before August 1, 1943. Defendant refused to comply with the notice. This action was begun to enforce compliance. After plaintiff had offered her proof and rested, defendant asked for permission to rest so as to make a motion for a directed verdict. This permission was given, and the court then granted defendant's motion for a directed verdict.

Under the rules and regulations of the OPA, promulgated under authority of the Emergency Price Control Act of 1942, 56 Stat. c. 26, p. 29, 50 USCA, Appendix, § 921, provision is made that so long as a tenant pays the proper rent he may not be evicted except under stated circumstances, one of which is subd. a(6) of § 1388.286 of Maximum Rent Regulation No. 53, which provides:

"The landlord * * * seeks *in good faith* to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself." (Italics supplied.)

Whether plaintiff's efforts in the instant case to remove defendant from apartment No. 2 and her plan to occupy the same as her dwell-

ing can be sustained depends upon the good faith of her intentions.

At the conclusion of defendant's argument on his motion for a directed verdict, the lower court said:

"I cannot bring myself to believe that there was any honest intention on the part of plaintiff to move into this place—so many things point to the fact she was not acting in good faith in trying to obtain the premises."

If the case had been tried to the court and a finding made by it as the trier of fact, this reasoning would have been justified in explanation thereof. We agree that the evidence would warrant such a finding. It must be remembered, however, that the issue before the court on the motion for a directed verdict was whether the evidence was such that reasonable men might differ on the issue of good faith and not a question of how the trial court thought the fact issue should be decided, nor how he would have decided it had it been submitted to him as the trier of fact.

A careful study of the record leads us to the conclusion that plaintiff was entitled to have the issue of good faith submitted to the jury. During the course of the trial the court correctly stated the ultimate issue in this language:

"In a case of this kind there is a wide latitude. The ultimate question for the jury is the question of good faith."

We do not overlook the fact that there were a number of circumstances indicating that plaintiff desired to have defendant removed from the premises because of ill feeling between the parties regarding the rent ceiling and the nonpayment of rent. Numerous consultations were had with the OPA as a result of these disagreements. This was not, however, determinative or conclusive of the issue whether plaintiff in good faith desired to occupy the premises as her dwelling. It was one of the factors to be taken into consideration by the trier of fact. In Colwell v. Stonebraker (D. C. Mun. App.) 31 A. (2d) 866, 867, tried to the court, where findings for the landlord were sustained, the court said:

"That the rent of the selected premises is low when contrasted with that of similar housing units, the availability of other quarters, and objection to or even ill-will toward a particular tenant, are matters properly admitted in evidence as bearing upon the good faith of one seeking possession under Section 5 of the Rent Control Act. But no one, or all in combination, necessarily constitute bad faith. They are items of evidence, to be considered by the court with the other evidence in the case."

It is also true that some inconsistency may be pointed to in the reasons assigned by plaintiff for desiring to move into the apartment. For example, she stated that she did not care to move into one of the apartments on the second floor because it necessitated climbing the stairs, which was difficult for her on account of advanced age and a shortness of breath upon exertion; while, on the other hand, she testified that she intended to take care of the lawn and the furnace. Nonetheless, it was for the trier of fact to weigh the evidence and determine its probative value. In any event, the choice of apartments was for her to make. If an owner has several properties available, the decision as to which one he will occupy is for him to make. Downs v. Karsh (D. C. Mun. App.) 33 A. (2d) 620. In plaintiff's favor is the testimony of Mrs. Zimmerley, tenant in apartment No. 3, that in the early part of 1942 plaintiff endeavored to obtain the furniture from her in order to furnish apartment No. 2, but that she (Mrs. Zimmerley) did not care to rent apartment No. 3 unfurnished. The result was that plaintiff did not move the furniture. Instead she raised the Zimmerleys' rent $2.50 per month, and they remained in apartment No. 3, continuing to use plaintiff's furniture. Thus it appears that plaintiff desired to move into this apartment more than a year before she served notice upon defendant to surrender possession of it and before she had rented it to him or had any disagreement with him. It further appears that shortly after plaintiff received word that the Zimmerleys were moving out and her furniture would be available she served a notice upon defendant to vacate. Her desire to move back into apartment No. 2 is further emphasized by the fact that before

she rented it to defendant and while she was attempting to obtain all her furniture in order to move into it, she had a cot, equipped for use, moved up from the basement and placed in the apartment. Plaintiff testified that she wanted to make her home there; that her furniture was deteriorating and she wished to make use of it; that her lawn had been practically destroyed and she wanted to take care of it. It may well be that she was not physically capable of doing what she contemplated. However, that was for the trier of fact to consider on the issue of good faith.

"On the issue of good faith, it is proper for the court to consider all the facts and circumstances which the owner appears to have regarded as important in forming his desire to occupy the housing accommodations himself." Bumgarner v. Orton (Cal. Super.) 146 P. (2d) 67, 69.

We think that the facts here do not bring the case within the rule of Brulla v. Cassady, 206 Minn. 398, 289 N. W. 404, relied upon by defendant, to the effect that, even though there may be some evidence in favor of the adverse party, a verdict should be directed for the party in whose favor the evidence overwhelmingly predominates. Rather, we feel that the evidence presented a fact question for the jury. A verdict should be directed only when it is plain that all reasonable men can draw but one conclusion. Bartley v. Fritz, 205 Minn. 192, 285 N. W. 484; Fickling v. Nassif, 208 Minn. 538, 294 N. W. 848; 6 Dunnell, Dig. § 9764. The issue of good or bad faith is ordinarily a question of fact for the jury. As the court said in Hoyt v. D. & I. R. R. Co. 103 Minn. 396, 400, 115 N. W. 263, 264:

"Good faith, like fraud, is hardly capable of exact definition. It is a question of fact, which depends upon many circumstances and conditions. It is generally a question for a jury to determine."

On the issue of good faith under OPA rent regulations, all the circumstances must be taken into consideration in determining whether a landlord is "merely attempting to juggle his property for profit, or legitimately requires it to live in." Gould v. Butler (D. C.

Mun. App.) 31 A. (2d) 867, 869; Shaffer v. Bowes (D. C. Mun. App.) 31 A. (2d) 690; and Bumgarner v. Orton (Cal. Super.) 146 P. (2d) 67; Downs v. Karsh (D. C. Mun. App.) 33 A. (2d) 620; and Colwell v. Stonebraker (D. C. Mun. App.) 31 A. (2d) 866, *supra*. We are therefore of the opinion that defendant's motion for a directed verdict should have been denied.

Reversed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.