HEIRS OF SALVADOR PÉREZ Y PÉREZ, ETC., Plaintiffs and Appellants, *v.* TOMÁS E. GUAL, Defendant and Appellee.

No. 10981. Argued July 20, 1953.—Decided September 17, 1953.

---

362

*Daniel Pellón Lafuente* for appellants. *Jorge M. Morales* and *Ramón L. Nevares* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court, San Juan Part, dismissing a complaint in an action of unlawful detainer. Plaintiffs and appellants are the heirs of Salvador Pérez. The latter was the owner of the premises located at Stop 22, Santurce, which he had leased for an indefinite period to Felipe López. Upon the death of Salvador Pérez, the premises in question became the property of the heirs. On March 10, 1947, López, the lessee, sold to Tomás E. Gual, defendant and appellee, the furniture business which he operated in the leased premises. A few days later, namely, on March 21, 1947, the heirs of Pérez filed against López an unlawful detainer proceeding in the former District Court of San Juan alleging that López had subleased the premises to Gual without the owner's consent. Defendant filed an answer and after a trial on the merits, the court dismissed the complaint. Subsequently, on September 3, 1947, the heirs instituted in the same court another action of unlawful detainer against López, alleging nonpayment of rent for the lease and sublease by López to Gual. Defendant answered, the case was tried, and on this occasion the court

granted the complaint ordering the eviction of López, "his agents, relatives or any other person who may be occupying the property in his name . . . Thereupon, Gual filed before that Court a petition for declaratory judgment asking the court to determine whether or not the heirs of Pérez, defendants therein, had made a verbal lease contract with Gual. The court ruled that the existence of such a contract for a period of five years had been established, and decreed as permanent the preliminary injunction already issued restraining Salvador Pérez, the son, and his mother, Rosa Pérez, from executing on Gual the judgment entered in the unlawful detainer suit referred to above. The judgment further directed the heirs of Pérez, defendants therein, to execute a deed of lease in favor of Gual and its registration in the Registry of Property. That judgment was modified by this Court on appeal by eliminating the order to record the contract in the Registry of Property, and, as modified, it was affirmed. *Gual* v. *Pérez*, 72 P.R.R. 569. In view of this judgment, Gual continued to enjoy the premises in question as lessee for a period of five years commencing March 6, 1947, on which date the verbal contract was found proved.

On December 12, 1951, Pérez' heirs filed another action of unlawful detainer in the former District Court of Puerto Rico, San Juan Section, this time against Gual and the Borinquen Furniture Co., alleging that Gual had subleased the premises to that company without written authorization from the lessors. This action was dismissed on the ground that Gual continued to be the lessee and that he controlled two-thirds of the company, and because the other partners were relatives of Gual. In view of this state of affairs, Pérez' heirs requested Gual on September 17, 1951 to surrender the house which was the subject of the lease upon expiration of the contract on March 6, 1952, inasmuch as they needed it to operate their own business. Upon expiration of the contract, Gual refused to vacate and the heirs then filed a new action of unlawful detainer. It was alleged

in the complaint that, upon expiration of the lease contract, the plaintiffs desired to recover in good faith the leased premises to be used for their own benefit for some business of their own. Defendant Gual answered alleging as a defense that the lease contract had been extended by the provisions of § 12 of the Reasonable Rents Act of Puerto Rico (Act No. 464 of 1946, Sess. Laws, p. 1326) and that the action was instituted in bad faith as a reprisal against defendant Gual. After a trial on its merits, the court *a quo* dismissed the petition. This appeal was taken from that judgment.

Among others, the trial court made the following findings of fact:

"The only member of plaintiff's heirs who is in Puerto Rico is plaintiff Salvador José Pérez, who has been engaged and is still engaged in a garage and gasoline business in a building of his own located in the municipality of Río Piedras. He does not operate in the locality of San Juan any business of the same kind or similar to defendants' furniture business. The other heirs, plaintiffs herein, are outside Puerto Rico and live on the income from their own property and other sources. At the time this action was filed, and even on the date the same was tried, coplaintiff Salvador Pérez had not yet made up his mind what business he wished to establish in the leased property held by defendant. Negotiations with San Miguel firm for the establishment of a commission subagency had actually been under way, a business which required a large showroom. Plaintiff had also taken steps with a manufacturer of native furniture operating in Río Piedras in order to establish in the premises a furniture business and they actually manufactured some furniture, but this business never materialized in view of the fact that plaintiff did not have the premises at his disposal and the furniture which had been manufactured was finally disposed of by the manufacturer himself. He had talked to the Miranda firm about the possibility of establishing a men's clothing business. In order to execute a contract with the San Miguel firm, plaintiff needed adequate premises equipped with a showroom for exhibition of the merchandise . . ."

And in its conclusions of law, the court determined that:

"Although the evidence in this case establishes that plaintiff did not operate in the locality any business of the same kind or similar to that of defendant, the rest of the evidence, as believed and weighed by the court, failed to establish that plaintiff needed in good faith, for himself, the premises in litigation. On the contrary, the evidence convinces the court that plaintiff did not have in mind any business for which eviction became necessary and inevitable, but rather that plaintiff, on this ground, seeks to recover the property and to terminate the contract which was extended by operation of law, in order to operate thereafter, in the premises, some business whose nature he still does not know with certainty."

Plaintiffs and appellants contend that the court *a quo* committed the following three errors.

"1. The trial court committed manifest error of law in rendering judgment dismissing the complaint on the ground that 'plaintiff did not have in mind any business for which eviction became necessary and inevitable.'

"2. The judgment rendered by the lower court in the above-entitled cause is in violation of the law, it deprives appellant of his property without due process of law and just compensation, all of which is repugnant to §§ 7 to 9 of the Constitution of the Commonwealth of Puerto Rico as well as to the Fifth Amendment of the Constitution of the United States of North America.

"3. The judgment rendered dismissing the complaint on the ground that plaintiff and appellant seeks to recover the property for 'the purpose of operating on the premises some business whose nature he still does not know with certainty,' is contrary to law and deprives appellant of his property without due process of law and just compensation, all of which is repugnant to the principles of the Constitution of the Commonwealth of Puerto Rico, especially §§ 7 and 9, and also violates and is contrary to the Fifth Amendment to the Constitution of the United States of North America."

 Appellants are correct. Although it is true that § 12 of our Reasonable Rents Act [1] provides that the lease contract shall, on the day of expiration agreed upon, be compulsorily extended by the lessor without altering any of the clauses, § 12–A of the Act establishes several exceptions, among which is subdivision 7, according to which the lessor may refuse the extension and, consequently, commence unlawful detainer proceedings "Whenever he needs for himself, in good faith, the commercial or business premises." In order that this exception may lie, several conditions are enumerated in subdivision 7. However, in order that unlawful detainer proceedings may lie on the strength of that exception, the owner must comply with the following requirements: (1) that he proposes, in good faith, to recover the property for his own use, and will withdraw the same from the rental market, and (2) that the contractual lease period shall have expired. The other requirements necessary for filing an unlawful detainer proceeding provided in § 12–A–7, among others, that the lessor should not have in the same locality a business of the same kind as the one operated by the tenant or similar thereto in a building of his own or belonging to another, and that the lessor should request the premises in order to occupy them personally with a business exclusively of his own, are invalid and unconstitutional, it being sufficient, according to the doctrine laid down in *Rivera* v. *R. Cobián Chinea Co.*, 181 F.2d 974, that the lessor intend in good faith to recover the property for his personal use, irrespective of the nature of such use. *Roselló Hnos.* v. *Figueroa*, 74 P.R.R. 403. Therefore, since in the case at bar there is no controversy as to the expiration of the lease contract, the only question is whether the lessors need the

---

[1] Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326) as amended by Act No. 201 of May 14, 1948 (Sess. Laws, p. 574).

property in good faith, for personal use, thereby withdrawing it from the rental market.[2]

■■ In cases like the present one, as in the cases under the Federal Emergency Price Control Act of 1942, good faith is not presumed. The burden is on plaintiff to prove by a preponderance of the evidence that he seeks in good faith to recover possession of the premises. *Lakowski* v. *Kustohs*, 66 N.E.2d 487; *Scharf* v. *Waters*, 66 N.E.2d 299. Although it is difficult to define in precise words the term "good faith" because the determination of whether or not it actually exists is a question of fact which depends upon many circumstances, *Lakowski* v. *Kustohs, supra; Sviggum* v. *Phillips*, 15 N.W.2d 109, still, this term has been generally defined as meaning "honestly, without fraud, collusion, or deceit." *Bumgarner* v. *Orton*, 63 Cal. App. 2d Supp. 841, 146 P. 2d 67; *Staves* v. *Johnson*, 44 A.2d 870. Annotation in 10 A.L.R.2d 319. It has been held that there is absence of good faith whenever the lessor, in seeking to evict the tenant, is impelled by some ulterior reason for the purpose of evading or defeating the purposes of the Act, *Gibson* v. *Corbett*, 200 P. 2d 216, as for example, where plaintiff's purpose was to have revenge against the tenant who was awarded treble damages for rent illegally overcharged, *Snyder* v. *Reshenk*, 131 Conn. 252, 38 A.2d 803; or when the dominant purpose is to evict the tenant and not to recover the premises, *Staves* v. *Johnson, supra; McSweeney* v. *Wilson*, 48 A.2d 469; or when the objective is to evict him because of the refusal to pay a rental in excess of the authorized maximum, *Brown* v. *Wood*, 59 F. Supp. 872; or when the purpose is to provide space for third parties where the statute does not authorize such action, *Lelek* v. *Baker*, 309 Mich. 210, 14 N.W.2d 838.

Those circumstances are not present in the case at bar, nor similar ones which might defeat the right of appellant to evict the tenant.

---

[2] Actually, the only controversy in these cases is the question of good faith. *Roselló Hnos.* v. *Figueroa, supra; Nofree* v. *Leonard*, 63 N.E. 2d 653; *Strauss* v. *Kaspryck*, 82 N.Y.S. 2d 26.

That the dominant purpose of plaintiffs and appellants is to operate in the premises a business of their own and not to dispossess the tenant, is evidenced by the proper findings of the court a quo. After finding that plaintiff Salvador Pérez, Jr., took several steps to establish a business in the leased premises and that he was unsuccessful precisely because of the lack of possession of those premises, the trial court concludes that ". . . the rest of the evidence, as believed and weighed by the court, failed to establish that plaintiff needed for himself in good faith the premises in litigation." In the same breath and by way of explanation of the above finding, the court stated, "On the contrary, the evidence convinces the court that plaintiff did not have in mind any business for which eviction became necessary and inevitable, but rather that plaintiff, on this ground, seeks to recover the property and to terminate the contract which was extended by operation of law, in order to operate thereafter, in the premises, some business whose nature he still does not know with certainty." The court a quo therefore concedes that plaintiff Salvador Pérez, Jr., seeks possession of the premises for the purpose of operating a business, even though plaintiff himself does not know what kind of business it is going to be. At any rate, as stated above, it is immaterial whether plaintiff already has in mind a certain and particular business which he purports to establish in the premises under litigation. The essential thing is that plaintiffs' action has not been motivated by any intention other than to recover the premises for the purpose of operating their business. Cf. Rosenbluth v. Finkelatein, 91 N.E.2d 581. On the other hand, defendant has alleged that "this action is interposed in bad faith as a reprisal against defendant Tomás E. Gual, against whom plaintiffs have brought, directly or indirectly, several judicial actions which have failed, seeking to evict him from the premises which he has lawfully occupied under a valid lease contract and statutory extensions thereof." These judicial actions are, undoubtedly, the unlawful detainer

proceedings instituted by plaintiffs against Felipe López and Gual himself, to which reference has been made at the beginning of this opinion.

The exercise of this type of legal actions does not necessarily imply that plaintiffs act in bad faith, especially where such actions are warranted by law, and the complaints were not so frivolous or wanting in merit as to disclose a purpose of persecution. This is so true that one of the unlawful detainer actions was decided against tenant López. In any event, the fact that the lessor has certain ill will toward the lessee does not by itself constitute bad faith, but is merely an element which may be taken into account. *Sviggum* v. *Phillips, supra; Colwell* v. *Stonebraker*, 31 A.2d 866; *Staves* v. *Johnson, supra.* The questions involved in the case at bar have been, at most, judicial controversies on the rights of the parties, but the evidence of defendant failed to show in any way that plaintiffs do not intend to carry out the alleged objective of operating a business of their own in the leased premises, nor that the dominant purpose was to evict the tenant, nor that plaintiff's action was intended as a reprisal against defendant.

Briefly, plaintiffs established their good faith which was not overcome by defendant's evidence. Therefore, as stated in the case of Roselló, [3] the constitutional right of plaintiffs to evict their tenant sanctioned in § 12–B–7 of the Reasonable Rents Act, is clear and the unlawful detainer action should lie.

The judgment appealed from will be reversed and another judgment entered instead ordering the eviction of defendant-appellee.

Mr. Justice Marrero and Mr. Justice Belaval did not participate herein.

---

[3] The case of Roselló was decided after judgment was rendered by the court *a quo* in the instant case.