Felipe **SEGARRA-SERRA**, Plaintiff,
Appellant,

v.

**Rosendo SCOTT**, Defendant, Appellee.

**No. 5141.**

United States Court of Appeals
First Circuit.

March 19, 1957.

Rehearing Denied April 9, 1957.

Enrique Cordova Diaz, San Juan, P. R., with whom Brown, Newsom & Cordova, San Juan, P. R., was on brief, for appellant.

Benicio Sanchez Castano, San Juan, P. R., with whom Felix Ochoteco, Jr. and Rafael Rivero Cervera, San Juan, P. R., were on brief for appellee.

Before MARIS, WOODBURY and KALODNER, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the plaintiff from a judgment of the Supreme Court of Puerto Rico affirming a judgment of the Superior Court, San Juan Part, dismissing his complaint in an action for unlawful detainer. The action was brought to

recover possession of commercial premises constituting a part of the ground floor of a building owned by the plaintiff at 1409 Ponce de Leon Avenue in Santurce. The plaintiff alleged that the defendant occupied the premises under a month-to-month lease contract, that he desired in good faith to withdraw them from the rental market and to recover them for his own use and that he had given the defendant notice to vacate as required by law. The defendant's answer alleged that the plaintiff did not seek in good faith to withdraw the leased premises from the rental market in order to devote them to his own use but was seeking to take revenge because of a rent reduction from $550.00 to $439.-80 a month which had been made by the Economic Stabilization Administration at the defendant's request.

The Superior Court after a trial on the merits filed its findings of fact, conclusions of law and judgment in favor of the defendant and dismissed the complaint. On appeal by the plaintiff the Supreme Court of Puerto Rico affirmed the judgment and the case is now here on appeal from that action.

The case presents to us the question whether Section 12–A of the Reasonable Rents Act of Puerto Rico,[1] as interpreted and applied by the Superior Court, has deprived the plaintiff of his property without due process of law. Subdivision 7 of Section 12–A of the Reasonable Rents Act authorizes a landlord to recover possession of leased premises through unlawful detainer proceedings "Whenever he needs for himself, in good faith, the commercial or business premises". Following the decision of this court in Rivera v. R. Cobian Chinea & Co., 1 Cir., 1950, 181 F.2d 974, and in order to uphold the constitutional validity of the statute the Supreme Court in Roselló Hnos. v. Figueroa, 1953, 74 P. R.R. 403, construed the quoted phrase to mean: "Whenever he desires, in good faith, to withdraw the commercial or business premises from the rental market and devote them to his own use."

In Heirs of Pérez v. Gual, 1953, 75 P.R.R. 361, the Supreme Court was again called upon to consider the applicability of subdivision 7 of Section 12–A to an action for the unlawful detainer of business premises. The court adhered to its ruling in the Roselló Hnos. case, stating that the only real controversy in the case before it was the question of the good faith of the plaintiffs in desiring to withdraw their premises from the rental market and devote them to their own use. On the question of good faith Justice Perez Pimentel, speaking for the court said at page 367:

"In cases like the present one, as in the cases under the Federal Emergency Price Control Act of 1942, good faith is not presumed. The burden is on plaintiff to prove by a preponderance of the evidence that he seeks in good faith to recover possession of the premises. Lakowski v. Kustohs, [328 Ill.App. 557] 66 N. E.2d 487; Scharf v. Waters, [328 Ill.App. 525], 66 N.E.2d 299. Although it is difficult to define in precise words the term 'good faith' because the determination of whether or not it actually exists is a question of fact which depends upon many circumstances, Lakowski v. Kustohs, supra; Sviggum v. Phillips, [217 Minn. 586] 15 N.W.2d 109, still, this term has been generally defined as meaning 'honestly, without fraud, collusion, or deceit.' Bumgarner v. Orton, 63 Cal.App.2d Supp. 841, 146 P.2d 67; Staves v. Johnson, [D.C.Mun.App.], 44 A.2d 870. Annotation in 10 A.L.R.2d 319. It has been held that there is absence of good faith whenever the lessor, in seeking to evict the tenant, is impelled by some ulterior reason for the purpose of evading or defeating the purposes of the Act [Cal. Super.] Gibson v. Corbett, 200 P. 2d 216, as for example, where plaintiff's purpose was to have revenge against the tenant who was awarded treble damages for rent illegally

1. 17 L.P.R.A. § 193.

overcharged, Snyder v. Reshenk, 131 Conn. 252, 38 A.2d 803; or when the dominant purpose is to evict the tenant and not to recover the premises, Staves v. Johnson, supra; McSweeney v. Wilson, [D.C.Mun.App.] 48 A.2d 469; or when the objective is to evict him because of the refusal to pay a rental in excess of the authorized maximum, Brown v. Wood, [D.C.], 59 F.Supp. 872; or when the purpose is to provide space for third parties where the statute does not authorize such action, Lelek v. Baker, 309 Mich 210, 14 N.W.2d 838."

When it considered the facts of the Pérez case the Supreme Court held that there were not present in the case circumstances such as those just described or similar ones which might defeat the right of the plaintiffs to evict the tenant. The court, on the contrary, held that the plaintiffs had shown that their dominant purpose was to operate a business of their own and not merely to dispossess their tenant. Since the evidence of the plaintiffs' good faith had not been overcome by the defendant's evidence the court held that the constitutional right of the plaintiffs to evict their tenant was clear and that they were entitled to proceed with their unlawful detainer action.

The Roselló Hnos. case came before the Supreme Court again in 1955. In disposing of the second appeal the court held that the good faith required of a lessor by Section 12-A is the good faith recognized in equity, an honest desire to obtain the leased premises to devote them to his own use and not merely to oust the tenant or work a reprisal upon him for his refusal to acquiesce in the exaction of unlawfully high rentals. Roselló Hnos. v. Figueroa, 1955, 78 P.R.R. ——, affirmed 1 Cir., 1956, 233 F.2d 248.

In the case before us the plaintiff concedes that while he had always had in the back of his mind an intention at some time to use the premises in question for his own business that intention materialized into a present desire when the Economic Stabilization Administration reduced the rent which he was receiving from the defendant by the sum of $110.20 per month. He testified that since he believed that he could make more money with the premises by using them himself than by receiving the reduced rental he decided to take them back for that purpose, gave the defendant notice to vacate and upon his failure to do so instituted the action now before us. In dismissing his complaint the Superior Court in its opinion said:

"The circumstances in the above-entitled case do not reveal good faith on the part of plaintiff. The purpose of the law is precisely to prevent that the tenants be charged excessive rates. Plaintiff's action in waiting until April 1953 to register the premises and his reaction when the rental was reduced, show that the motive which prompted him to recover the premises was defendant's action in requesting the adjustment of the rent which he had been paying and the decision of the Office of Economic Stabilization Administration reducing by more than $100 the rental agreed upon.

"Plaintiff has been in business for upwards of 20 years. He erected the building where the premises are situated. He operated a business in which he, or he and his children, owned the majority of the shares. If his purpose from the time the building was constructed had been to engage in commerce, that purpose existed only in his mind. However, his aim or purpose as evidenced by his acts is different from what he testified at the witness stand. If his purpose was to use the premises for a business of his own, why did he not do so before making the lease contract with the defendant? Why did he not purchase the stock in

hand of Bengoa Hermanos and establish his business when the latter decided to discontinue its business? Why did he not ask for the premises to establish his own business during the three years the defendant has been paying a rent of $550? Contrary to a showing of good faith on the part of plaintiff, the bad faith has been established by his action in withdrawing the premises from the rental market and instituting an unlawful detainer proceeding upon reduction of the lease rental."

■ The plaintiff urged before the Supreme Court and urges here that the Superior Court did not apply to the facts of his case the constitutional standard of good faith. He argues that the good faith required to be shown is directed to the existence of an honest desire and intention on the part of the owner to withdraw the leased premises from the rental market and devote them to his own use and that the existence of good faith in this regard is not negatived by the fact that the intention has arisen because of the fact that the rent has been ordered to be reduced to a level where the owner believes that it will be to his financial advantage to occupy and use the premises himself. The Supreme Court of Puerto Rico agreed with this contention and so do we. The Supreme Court said:

"We agree that merely because a landlord decides to use the property himself after the rent fixed under a rent control law is reduced, does not *in itself* show bad faith."

But the Supreme Court went on to say that there were in this case additional circumstances which convinced the trial court that the plaintiff did not meet the burden of establishing his good faith. Holding that the record contains sufficient evidence to sustain this conclusion the court said that it would not interfere with it and accordingly affirmed the judgment of the

Superior Court. We are satisfied that in doing so the Supreme Court deprived the plaintiff of his right to have the constitutional standard of good faith applied by the Superior Court to the facts of his case. For it is clear to us that the Superior Court did not apply, in evaluating the facts in this case, the standard of good faith which the Supreme Court of Puerto Rico has rightly laid down as required to be applied in order that the Act may not deprive landlords of their property without due process of law.

■ It is true that the Superior Court indicated that it thought that under certain circumstances a landlord may be regarded as acting in good faith when he seeks to withdraw his premises from the rental market because of a reduction in the rental. However, it limited this proposition to cases where the taxes and mortgage interest payable by the landlord with respect to the leased premises are so great that the continuance of the property in the rental market would result in an actual financial loss to him. This clearly was too restrictive a standard to apply. For, as the Supreme Court held in this very case, a landlord has the right under Section 12–A as the court has construed it to recover possession of leased premises if he honestly desires to withdraw them from the rental market and devote them to his own use regardless of the financial results which may ensue. His motive is immaterial if his intention actually to take the premises out of the rental market is honestly entertained. The thing which induces his decision may be his belief that the reduced rent is too low or his exasperation at his tenant's action in securing the reduction. See Taylor v. Bowles, Em.App., 1944, 145 F.2d 833, 835–836. Accordingly the fact that the landlord has exhibited some feeling to his tenant is not controlling. For such is the frailty of human nature. The only question for the trial court to determine in such a case is whether the landlord's inten-

tion is really to take the premises out of the rental market and use them himself or whether his expressed intention to do so is a mere subterfuge or excuse to hide his dominant purpose of punishing a tenant who has declined to pay excessive rents or who has procured a rent reduction. In this connection it should be remembered that the Act imposes substantial penalties on a landlord who does not carry through his expressed intention to withdraw the premises from the rental market.[2]

The defendant urges that there is in the record in this case evidence indicating a desire on the part of the plaintiff to harass the defendant. He points to the evidence that the plaintiff's employees after the rent reduction interfered to some degree with parking privileges which the defendant had previously enjoyed without restriction. The plaintiff, on the other hand, points to certain items of evidence in the form of admissions by the defendant at the trial which might be held to negative any feeling of hostility by the plaintiff against the defendant. Thus the defendant admitted that when the plaintiff told him that he desired to have the premises back he also stated that he was making an effort to locate other rental premises for the defendant's use. Furthermore it appears that the defendant occupies a residence under lease from the plaintiff and the defendant admitted that the plaintiff has never made any effort to terminate his possession of it. Also the defendant admitted that on several occasions he had been in arrears in his rent but that the plaintiff had made no effort to institute unlawful detainer proceedings against him based on those rent delinquencies.

Since it is clear on this record that the Superior Court made its finding of bad faith upon the application of an improper standard we think that the Supreme Court should have remanded the case in order to have the evidence reconsidered by the Superior Court in the light of the constitutional standard of good faith which the Supreme Court has laid down and which we have discussed in this opinion.

The judgment of the Supreme Court will accordingly be vacated and the cause will be remanded to that court for remand to the Superior Court for further proceedings not inconsistent with this opinion.