EROILDA COLÓN VÉLEZ, demandante y recurrente, *v.* GUADA-LUPE LEBRÓN, demandado y recurrido.

*Número:* O-67-78      *Resuelto:* 1ro. de abril de 1969

*Jorge Souss,* abogado de la recurrente; el recurrido no compareció.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

La demandante-recurrente interpuso demanda de desahucio en la Sala de San Juan del Tribunal de Distrito para recuperar la posesión de un local de comercio para su propio uso. El contrato de arrendamiento era uno oral de mes a mes. La demandante compareció en su capacidad de administradora de los bienes pertenecientes a la Sucesión de Ignacio Colón Fernández, y como miembro de dicha Sucesión, dueños del inmueble. Negó el demandado-recurrido la demanda y

adujo como defensa especial que la misma no establecía elementos constitutivos de una causa de acción. El caso fue visto en los méritos y la Sala de Distrito dictó sentencia declarando con lugar la demanda de desahucio. La Sala hizo una elaborada exposición de los hechos que entendió probados, y a la luz de dichos hechos y de nuestra doctrina según la aplicó, concluyó que procedía el desahucio.

La cuestión litigiosa surgió en torno a si existía o no buena fe en las gestiones judiciales de la demandante para recuperar el local comercial. El Edificio Colón está situado en una esquina que tiene como frente la Avenida Ponce de León en la Pda. 21 y por su lado la calle Colón. La planta baja está dividida en dos locales comerciales. Uno amplio, apropiado para un negocio grande, con acceso a la Avenida Ponce de León, y uno pequeño, completamente separado del anterior con su entrada por la calle Colón. La alegación del demandado sobre la falta de buena fe se quiso demostrar por el hecho de que el local amplio se había desocupado y la demandante pudo haberlo utilizado para su negocio. Según la Sala de Distrito determinó los hechos, el local mayor como cuestión de realidad nunca estuvo desocupado a disposición de los dueños. El inquilino de este local traspasó el negocio y sus existencias a un tercero quien se quedó ocupando el mismo. Los dueños entonces exigieron o aceptaron del tercero cierta cantidad de dinero por "la llave". De hecho lo que hubo fue un cambio de inquilino en la forma dicha sin que el local en momento alguno se hubiera realmente desocupado.

Apelada la sentencia de desahucio para la Sala de San Juan del Tribunal Superior, ésta revocó. Se expresó así la Sala:

"SENTENCIA:—La causal de desahucio invocada lee: '6: Por necesitar para sí, de buena fe, el local de comercio o negocio *si no tuviere otro local en el mismo edificio.*' Subrayado nuestro.

Dicha sección requiere que se notifique al inquilino *la necesidad* en que se halla el casero *de ocupar el local para sí.*

En el presente caso la parte casera inició los trámites del desahucio y antes de haber radicado la acción vino a estar a su disposición un local en el mismo edificio, apto para el propósito deseado. Según surge de la relación del caso la prueba sobre ese extremo fue como sigue:

'El local de Martínez lo tenía antes Alberto Soto y pagaba lo mismo que hoy (cree que $136.00). El que ocupa el demandado sólo renta $45.00 y no puede preferir el otro local a éste pues mermaría la cantidad de las rentas de la sucesión. Le interesaría más ponerlo al frente de la avenida, o sea, en el local que ocupa Martínez, pues el que ocupa el demandado da a la Calle Colón. El señor Soto se mudó voluntariamente, ya que él le vendió la mercancía a Martínez. A éste le pedimos una bonificación de $15,000.00 durante cinco años por "la llave". Que ella no sabía que ese contrato era contra la política pública, pues fue aconsejada por su abogado. Que en el negocio que van a poner es para cinco hermanas de la sucesión. Aixa, soltera y reside en Chicago, es la más experiencia que tiene en el negocio de trajes y las va a asesorar.

'A preguntas de su abogado contestó que no ha firmado contratos de arrendamiento, luego de Moraima casarse. Que el negocio con Martínez fue después que ellas planearon establecerse en el local que ocupa el demandado y que al enviarle la carta, pidiéndole que desocupara, no sabía que Soto iba a vender y desocupar. Que ella y cuatro de sus hermanas han vendido trajes en sus casas.

'Que le conviene más el local de Don Guadalupe porque es más pequeño, la renta es menor y los gastos de operación serían menores; lo que ayudaría mucho para un negocio que va a comenzar.'

En el caso de Roselló Hnos. v. Figueroa, 78 D.P.R., se dijo que: 'la buena fe, en el sentido en que la usa la ley, no es en el concepto jurídico que dicha figura tiene en el Código Civil, sino el concepto que ella tiene dentro de la jurisprudencia de equidad; comprende la conducta anterior y posterior a la solicitud de desalojo.'

La prueba refleja que el local que tuvo a su disposición la parte casera es más amplio y está mejor situado que el que

interesan. La razón para no utilizarlo es que aquel renta más que éste y que le ofrecieron $15,000 por 'la llave', mediante cinco pagarés suscritos a pagarse uno anualmente, por $3,000.00 cada uno.

. . . . . . . .

Entendemos que por haber tenido otro local disponible y haber optado por 'vender la llave' han perdido la capacidad para ejercitar la presente acción de desahucio basadas en el inciso 6 del Artículo 12B de la Ley de Inquilinato, amén de negar la existencia de la buena fe de que habla la ley.

Se revoca la sentencia dictada y en su lugar se dictará otra declarando sin lugar la demanda, con cualquier otro pronunciamiento en ley consistente."

No interpretamos la ley aplicable en el sentido de que el dueño de un edificio dividido en local distintos y separados de negocio, que de buena fe necesite para sí un local, no pueda escoger aquel de ellos que responda a sus necesidades materiales y económicas. El disponer la ley que podrá negarse la prórroga y desahuciarse por necesitar de dueño para sí, de buena fe, *"el local"* de comercio o negocio si no tuviere otro *"local"* en el mismo edificio, debe interpretarse que se refiere a otro local de la misma naturaleza y que sirva el mismo propósito del local que interesa. Una interpretación distinta podría conducir a una aplicación no constitucional de la ley. El disfrute del derecho de propiedad envuelve el disfrute de su valor económico. En el caso de autos el dueño necesitaba para sí un local pequeño y reducido para su negocio pequeño. Obligarle a usar para ello el local comercial más grande y costoso en operación, de haber estado éste desocupado, sería privarle del derecho a mantener este local mayor en el mercado de alquileres con el correspondiente mayor beneficio económico y obligarlo a operar su negocio pequeño con mayores gastos de funcionamiento por razón de la mayor amplitud. Sería obligarlo a sufrir un desperdicio económico. Pero, según concluyó la Sala de Distrito y sostiene la prueba, este local mayor no estuvo realmente desocupado.

■ Un propietario puede sacar su propiedad del mercado de alquileres. Las leyes de inquilinato protegen al inquilino mientras la propiedad se tenga en ese mercado. No pueden impedir que el propietario la saque del mercado de buena fe para su uso.

■ Según se dijo en *Rivera* v. *R. Cobián Chinea & Co.*, 181 F.2d 974 (1st Cir. 1950), el propósito fundamental de la legislación sobre alquileres razonables fue reglamentar el alquiler de modo que éste fuera razonable ante una situación anormal de escasez de locales; y las disposiciones limitadoras de las acciones de desahucio constituían necesarias medidas conducentes al propósito principal de la legislación. (181 F.2d a la pág. 977, y véanse págs. 978 y 979); *Roselló Hnos.* v. *Figueroa*, 74 D.P.R. 432 (1953), confirmado en *Roselló Hnos., Inc.* v. *Figueroa*, 233 F.2d 248 (1st Cir. 1956); *Segarra-Serra* v. *Scott*, 242 F.2d 315 (1st Cir. 1957), revocando *Segarra-Serra* v. *Scott*, Sentencia (Per Curiam) de 30 de abril de 1956;[1] *Sucn. Pérez* v. *Gual*, 75 D.P.R. 385 (1953); *Galiñanes* v. *Tribunal*, 77 D.P.R. 881 (1955); *Ponce Federal Savings* v. *Castro*, Sentencia de 31 de mayo de 1967; *Tapia Matos* v. *Figueroa Castro*, Sentencia de 14 de julio de 1967; *Rivera* v. *Ward*, Sentencia de 8 de noviembre de 1968. En *Segarra-Serra* v. *Scott*, supra, reafirmó la Corte de Apelaciones del 1er. Circuito que en tanto un casero desee *honestamente* el local para su uso propio, tiene derecho a recuperarlo, independientemente de las motivaciones.

Por supuesto, si para obtener el desahucio el propietario se valiere de un artificio o de falsedad para eliminar a un determinado inquilino sin que su honesto propósito sea el salirse del mercado de alquiler retirando el local para uso suyo, la propia ley ofrece sanciones, penalidades y resarcimientos pertinentes.

---

[1] No está publicada en D.P.R.

Los hechos probados en este caso no sostienen la ausencia de buena fe en el concepto constitucional para casos de inquilinato.

*Se revocará la sentencia de la Sala de San Juan del Tribunal Superior que desestimó la demanda, y se devolverá el caso a dicha Sala con instrucciones de que dicte otra confirmando la del Tribunal de Distrito que declaró con lugar la demanda de desahucio.*