EMILIO NÚÑEZ, demandante y recurrente, *v.* SERAFÍN RODRÍGUEZ ROLÁN, demandado y recurrido.

*Número:* R-62-288      *Resuelto:* 30 de septiembre de 1963

*Rivera Zayas, Rivera Cestero & Rúa,* y *Antonio Montalvo Nazario,* abogados del recurrente; *César A. Montilla,* abogado del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El demandante recurrente Emilio Núñez acudió al Tribunal Superior, Sala de San Juan, mediante demanda de daños y perjuicios en la cual sustancialmente expuso que en 27 de junio de 1961 el demandado recurrido Serafín Rodríguez Rolán dio por terminada la relación arrendaticia que entre ambos existía en relación con un local de comercio sito en la Avenida Ponce de León, en Santurce, y le requirió para que desalojara el mismo por proponerse ocuparlo personalmente o demolerlo dentro del término de seis meses; que atendiendo dicho requerimiento, el demandante "procedió a liquidar forzosamente su inventario, teniendo que cerrar su establecimiento comercial, viéndose impedido de continuar operando normalmente su negocio"; que subsiguientemente, en 22 de enero de 1962, el demandado le comunicó al demandante que diez días antes había vendido el inmueble a un

tercero; y que estas actuaciones del demandado incumpliendo las disposiciones de la Ley de Alquileres Razonables le causaron pérdidas en su negocio por un monto de $4,851.32, cuyo resarcimiento se reclama.

Contra la demanda reseñada se interpuso excepción por no exponer la misma una reclamación que justificara la concesión de un remedio. Así lo acordó el tribunal de instancia en una lacónica resolución que en su parte pertinente señala que el remedio solicitado no está provisto en la legislación citada. En su consecuencia dictó sentencia desestimando la demanda. Para revisarla expedimos el auto correspondiente.

El Art. 12-J adicionado a la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 202, mediante la Ley Núm. 201 de 14 de mayo de 1948 (Leyes, pág. 575), impone cierta responsabilidad criminal cuando entre otras cosas, el arrendador logra que el arrendatario *desaloje* una vivienda o un local de negocio bien como consecuencia del ejercicio de una acción judicial o en otra forma por medio de engaño, amenaza o violencia, o anuncio de alguna acción judicial.[1] En *Martínez* v. *Llavat*, 86 D.P.R. 235 (1962), indicamos que la ausencia de una disposición expresa imponiendo responsabilidad civil al arrendador por los actos culposos a que alude dicho artículo no impide el ejercicio de la acción apropiada para reclamar los perjuicios que de ella hayan dimanado. Aclaramos al efecto que "si bien las relaciones del demandante y los demandados surgen en el origen de un contrato de arrendamiento, los hechos perjudiciales al demandante que motivan el pleito no lo fueron en su incumplimiento, sino en el incumplimiento culposo de disposiciones de la Ley de Alquileres que garantiza el derecho del inquilino." Ahora bien, ni el Art. 12-J ni la doctrina del caso de *Martínez* v. *Llavat*, supra, son estrictamente aplicables a la situación que consideramos, pues según surge de las alegaciones—que

---

[1] Evidentemente se refiere a la notificación requerida por los párrafos segundo y quinto del Art. 12-B de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 194.

es lo único que tenemos que considerar para determinar la existencia de una reclamación que justifique la concesión de un remedio—el demandante no expone que haya *desalojado* el local, (²) sino meramente que se ha visto obligado a cerrar el establecimiento comercial y ha estado impedido de operar su negocio normalmente.

Sin embargo, no es menos cierto que la ley garantizaba al demandante el derecho a seguir ocupando el local arrendado —Art. 12 de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 192 (³) —y que, según se alega, el demandado intervino con este derecho requiriéndole desalojar por dos de las causas que por excepción se reconocen para la terminación de un contrato de arrendamiento. Ante la inminencia de un desahucio, el demandante optó por liquidar su negocio y entregar la posesión, ya que, conforme a las disposiciones legales aplicables, el arrendador demandado puede negar la prórroga obligatoria cuando interesa utilizar personalmente el local o para proceder a su demolición. Siendo ello así, puede afirmarse que en ausencia de un explicación satisfactoria, el acto posterior de vender el inmueble arrendado cuando se gestionó el desalojo por otros motivos, constituye una actuación culposa que da margen a una causa de acción. Todo dependerá en definitiva de la prueba que se ofrezca sobre las circunstancias concurrentes. No puede decirse, por tanto, que de las alegaciones de la demanda presentada se deduzca la ausencia de una reclamación que dé margen a la concesión de un remedio.

----

(²) En el escrito de oposición a la expedición del auto presentado por la parte recurrida se señala que la comunicación sobre la venta del inmueble arrendado se hizo al demandante y se recibió por éste con antelación a la fecha en que el inquilino desalojó el local en cuestión, según alegadamente se admitió en la vista sobre la moción de desestimación. Tal hecho no ha podido comprobarse según pretendió el recurrido por no haber el taquígrafo tomado las incidencias de la referida vista.

(³) Debe observarse que la prórroga obligatoria del contrato de arrendamiento se estatuye "aunque cambie el dueño o el titular arrendador."

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 22 de octubre de 1962, y se devolverá el caso para ulteriores procedimientos consistentes con esta opinión.*