RAFAEL B. PÉREZ MERCADO, peticionario y recurrente, *v.* JUAN T. PEÑAGARÍCANO, ADMINISTRADOR DE ESTABILIZACIÓN ECONÓMICA, demandado y recurrido.

*Número:* CE-64-30      *Resuelto:* 30 de junio de 1966

R. B. Pérez Mercado, *pro se. Carmelo Ávila Medina,* abogado del peticionario; *Miguel Franquiz Ventura, Eduardo A. Ruiz* y *José E. Rodríguez Rosaly,* abogados del recurrido.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Apunta el recurrente, Rafael B. Pérez Mercado, que no procede descontar del alquiler de un apartamiento de su propiedad ocupado por la inquilina Dina Orlando, la suma de $155.94 de gastos de reparaciones realizadas por dicha inquilina previa autorización del recurrido, Juan T. Peñagarícano, quien también autorizó que dicha suma se cobrase del dueño de la propiedad mediante descuentos de $22.26 mensuales.

El fundamento principal aducido para sostener la improcedencia del descuento es que las reparaciones se autorizaron por orden del recurrido de 26 de diciembre de 1961, y se realizaron por la inquilina cuando el bien inmueble en cuestión era propiedad de Rafael Bernaola y que la orden autorizando la referida deducción de $22.26 del canon mensual que la Sra. Orlando paga al casero se expidió en 6 de junio de 1963 cuando el peticionario, aquí recurrente, ya era dueño de la propiedad mediante escritura de venta judicial otorgada en 17 de mayo de 1962.

Resulta del récord administrativo del recurrido con respecto a la vivienda en cuestión, que las reparaciones referidas se realizaron entre febrero y marzo de 1962 cuando el peticionario aún no había adquirido la propiedad. La resolución del recurrido de 28 de febrero de 1964 declarando

sin lugar la objeción del peticionario a la deducción en cuestión dice que: "a la fecha en que el nuevo casero, Lic. Pérez Mercado, adquirió la propiedad faltaban reparaciones por hacer montantes a la suma de $80.94". Es por esto que el peticionario alega que sólo se ha invertido $69.06 en las referidas reparaciones, de manera que los $80.94 de reparaciones por hacer no son adicionales a la partida de reparaciones realizadas por la inquilina a un costo de $155.94. Contrario a lo que expone el peticionario, el récord demuestra que los $80.94 de reparaciones pendientes son adicionales a las reparaciones realizadas a un costo de $155.94 que dan lugar a este recurso, de manera que no se trata de reparaciones que se han hecho luego que el peticionario adquirió la propiedad.

El tribunal de instancia ante el cual recurrió el peticionario de la resolución del Administrador de Estabilización Económica de 28 de febrero de 1964, confirmó la misma por entender que de acuerdo con los Arts. 10 ([1]) y 15 de la Ley de Alquileres Razonables (17 L.P.R.A. secs. 190 y 205) procedía que el inquilino fuese autorizado a realizar las reparaciones que el casero no hizo a requerimiento del Administrador y a deducir su importe del alquiler y que tal deducción subsiste no obstante haber ocurrido un cambio de dueño.

---

([1]) El Art. 10 de la referida ley, que específicamente proveía que el Administrador podía autorizar al inquilino a realizar las reparaciones necesarias que el casero no hiciere luego de haber sido requerido para ello y que el Administrador podría autorizar al inquilino a deducirla del alquiler en la forma que aquél determinara, fue enmendado por la Ley Núm. 67 de 19 de junio de 1964, y en la actualidad lee así:

"El propietario está obligado a hacer en la propiedad alquilada todas las reparaciones necesarias durante el arrendamiento a fin de conservarla en estado de servir para el uso a que ha sido destinada, y mantener en funcionamiento todos sus servicios. Se autoriza al Administrador mediante reglamentación a establecer las normas que deben regir para que se cumpla con esta disposición. El propietario no vendrá obligado a efectuar reparaciones que resulten necesarias por razón de daños maliciosos causados por el inquilino". (17 L.P.R.A. sec. 190, Supl. pág. 100.)

No conforme, recurrió el peticionario ante nos y apunta que la sentencia en cuestión, al igual que la resolución del Administrador, son erróneas porque (1) la ley no faculta al Administrador a obligar a un dueño subsiguiente a pagar reparaciones hechas a beneficio de un dueño anterior; (2) que tal determinación implica que el Administrador ha legislado administrativamente; (3) que el peticionario es un tercero hipotecario; (4) que las reparaciones hechas por el inquilino constituyen un crédito contra la persona que es dueña de la propiedad en el momento en que se hicieron las reparaciones pero no constituye gravamen alguno sobre la propiedad y (5) que después que la inquilina fue notificada del cambio de dueño carecía de autoridad para hacer reparaciones por cuenta del nuevo dueño y no se acogió al procedimiento para llevar a cabo las reparaciones por hacer.

1.—Arguye el peticionario que la Ley de Alquileres Razonables debe interpretarse y aplicarse restrictivamente ya que restringe el derecho de dominio del propietario y que en tal virtud no pueden los tribunales ampliar las disposiciones del Art. 10 de la Ley de Alquileres Razonables para autorizar deducciones, contra dueños posteriores como si éstas constituyesen un gravamen preferente, no obstante el silencio de la ley sobre este particular; que la Sec. 15 de la Ley de Alquileres Razonables(²) en que funda su sentencia

---

(²) La Sec. 15 de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 205, Supl. pág. 109, lee así:

"(a) Toda persona que adquiera una propiedad arrendada quedará sujeta a los términos de las secs. 181 a 241a de este título y no podrá reclamar otros derechos que aquellos que en la misma se establecen en favor del propietario original.

"(b) En todo caso de venta, cesión o enajenación de propiedad arrendada, el contrato de arrendamiento que el inquilino tuviera con el dueño anterior se entenderá subsistente y sujeto a la prórroga que especifica la sec. 192 de este título.

"(c) Tampoco podrá la persona que adquiera una propiedad arrendada promover contra el inquilino acción alguna de desahucio, desahucio por detentación o para recobrar la posesión de dicha propiedad a no ser por las causas y bajo los términos y condiciones que se expresan en las secs. 193 a 202 de este título".

el tribunal de instancia sólo dispone que, fijadas por la ley las limitaciones, derechos y deberes del propietario en relación con "propiedad arrendada", obligan a todo sucesivo adquirente, pero no dispone que tal adquirente se convierta, o pueda ser convertido por el Administrador, en responsable o deudor a favor del inquilino de deudas u obligaciones personales del anterior dueño para con el inquilino con motivo del arrendamiento. Se admite que por virtud de la referida Sec. 15 el dueño subsiguiente viene obligado por el arrendamiento, por la renta fijadas por el Administrador así como a realizar reparaciones y, de no hacerlas luego de ser requerido, después de oírsele, queda también obligado por la autorización del Administrador al inquilino para que las efectúe y rebaje su costo del alquiler; que está implícito que el propietario obligado a reembolsar al inquilino los gastos de reparaciones es aquél que se negó a efectuarlas; que las reparaciones no constituyen un enriquecimiento injusto para el nuevo casero y sí para el anterior, pues éste vendió forzosamente y es de suponer que en la subasta se pagó por el valor de los bienes vendidos; que el Administrador no tiene facultad para imponer al nuevo casero obligaciones por reparaciones que beneficiaron al casero anterior pues en efecto se estaría constituyendo un gravamen oculto sobre la propiedad.

■ De acuerdo con la exposición de motivos de la Ley de Alquileres Razonables, esta legislación es necesaria para asegurar adecuada protección al Pueblo de Puerto Rico en lo que concierne al grave problema de la vivienda y con el fin de *"evitar la especulación por parte de los arrendadores, de garantizar alquileres razonables y de amparar convenientemente los derechos de los inquilinos"*. (Énfasis nuestro.) Es el propósito de la legislación lograr que "todos los términos y condiciones para el uso u ocupaciones de tales propiedades (viviendas y edificios para negocios) deberán ser justas y razonables", y que "todo . . . término o condición . . . que sea abusivo, injusto, irrazonable u opresivo, se de-

clara . . . contrario a las normas públicas". Estos propósitos y normas han sido reafirmados por este Tribunal en varias ocasiones. *Martínez Rivera* v. *Peñagarícano Admor.*, 90 D.P.R. 542 (1964); *Núñez* v. *Rodríguez Rolán*, 89 D.P.R. 50 (1963); *Martínez* v. *Llavat*, 86 D.P.R. 235 (1962). Por lo tanto, no se impone una norma de interpretación restrictiva de dicha ley. Por el contrario, los términos de la misma deben interpretarse en forma tal que, sin violentar su letra se logre la consecución de sus fines y propósitos, y se cumpla con la política pública encarnada en la misma.

■ Como indica el propio peticionario, de acuerdo con la referida Sec. 15 de la Ley de Alquileres Razonables, el adquirente de una vivienda arrendada queda obligado por las limitaciones, derechos y deberes del anterior dueño en relación con dicha propiedad. En el caso que nos ocupa, el peticionario adquirió la propiedad incrementada en su valor por las reparaciones realizadas por la inquilina por autorización del recurrido que disponía que "Oportunamente esta Oficina autorizará la deducción de los gastos incurridos del canon en la forma que estime más conveniente". De no quedar obligado el peticionario por esa deducción se frustraría la política pública enmarcada en la Ley de Alquileres Razonables de amparar convenientemente los derechos del inquilino. Contrario a lo dispuesto en la Sec. 8 de la ley (17 L.P.R.A. sec. 188), de que el reembolso de alquileres excesivos sólo le corresponde hacerlo al casero que los cobró, en el caso de las deducciones del alquiler autorizadas para cubrir el costo de reparaciones que el casero se negase a realizar la ley sólo dispone que la referida deducción se hará del alquiler, sin disponer, como propiamente se dispuso en el caso del reembolso de alquileres excesivos, que la deducción constituirá la obligación de un determinado casero. Como indica el juez sentenciador, si el recurrido hubiera optado por autorizar a la inquilina a pagar el alquiler mensual reducido en una doceava parte del importe de las repara-

ciones—según lo dispone el Reglamento de Inquilinato, 17 R.&R.P.R. sec. 186–33(a)(4)([3])—no hay duda que el peticionario estaría obligado a aceptar el canon así rebajado. Por lo tanto, la deducción autorizada del costo de reparaciones realizadas por el inquilino bajo circunstancias como las del caso que nos ocupa debe obligar a la persona que adquiere la propiedad del casero que se negó a realizar las reparaciones en la propiedad.

■ No se trata de un gravamen preferente que, por no haberse inscrito ni poder serlo, no afecta al adquirente subsiguiente de la vivienda. Tampoco se trata de un gravamen oculto. Se trata más bien de un derecho del inquilino bajo una legislación especial promulgada para los fines y propósitos definidos en la misma ·según hemos indicado previamente. El adquirente subsiguiente de la propiedad tiene medios a su alcance ya sea en los récords de la vivienda en la Administración de Estabilización Económica, así como del inquilino y del dueño anterior, para conocer oportunamente de situaciones como las que median en este caso. Tampoco puede decirse que las reparaciones sólo beneficiaron al anterior casero. Efectivamente beneficiaron a la propiedad que luego fue adquirida por el peticionario a través de un procedimiento de ejecución de hipoteca.

Como dicho costo de reparaciones de $155.94 excede en $5.94 la suma autorizada para las reparaciones en la orden del recurrido de 26 de diciembre de 1961, debe modificarse su orden de 6 de junio de 1963 para que la deducción del canon sea de $150 y no de $155.94. Cualquier reparación aún pendiente de hacerse en la vivienda deberá tratarse con el peticionario como el actual dueño que es de la misma.

---

([3]) La Sec. 186–33(a)(4) contiene una disposición final que lee así:
"Si el inquilino informare a la Administración que no está en condiciones económicas de hacer las reparaciones autorizadas, se procederá a rebajar la renta mensual en una cantidad igual a un doceavo del importe de las reparaciones."

*Se modificará la sentencia dictada en este caso en el extremo que acabamos de indicar, y así modificada se confirmará y se devolverá el caso al Tribunal Superior, Sala de San Juan, con el mandato de que instruya al recurrido en forma consistente con lo aquí dispuesto.*

El Juez Asociado Señor Blanco Lugo concurre en el resultado y reitera que el auto en este caso fue impróvidamente expedido.

