COEL, INC., demandante y recurrida, *v.* POLICLÍNICA ARZUAGA, INC., demandada y recurrente.

*Número:* R-71-114          *Resuelto:* 3 de marzo de 1972

*R. Elfren Bernier, Daniel L. Miranda* y *Plinio Pérez Marrero,* abogados de la recurrente; *Arnaldo Sánchez Recio,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se trata de un caso bajo la Ley de Alquileres Razonables, Ley Núm. 464 de 25 abril de 1946, según enmendada, 17 L.P.R.A. secs. 181 y ss. La demandada recurrente es propietaria de un edificio sito en el número 71 de la calle Arzuaga de Río Piedras. La corporación demandante recurrida ocupaba en calidad de arrendataria un local comercial de ese edificio. De esa relación de arrendador y arrendataria es que surge este litigio.

Para el año 1948 la Oficina de Administración de Inquilinato ([1]) fijó al local en cuestión un canon máximo de $100.00 mensuales. Aunque no está claro en los autos, entendemos que la demandante recurrida no era inquilina en ese local para el 1948. Sí surge de los autos que para el año 1962 el referido edificio pertenecía al Sr. Norberto Medina Vélez, quien no es parte en este caso. Aceptó la demandante en la vista oral que el referido propietario le hizo unas mejoras al edificio consistentes en cambiarle el techo de zinc por uno de concreto y además le puso unas vitrinas al edificio.

Para el 26 junio 1962, luego de las mejoras, la demandante recurrida formalizó un contrato escrito, suscrito ante Notario, con el propietario arrendador Norberto Medina Vélez mediante el cual la demandante tomaba el referido local en

---

([1]) Creada por la Ley Núm. 416 de 14 mayo 1947 y sucesora de la Oficina de Administración de Precios de Puerto Rico, creada por la Ley Núm. 464 de 25 abril 1946; antecesoras ambas de las subsiguientes Administración de Estabilización Económica creada por la Ley Núm. 97 de 19 junio 1953, y la Administración de Servicios al Consumidor, creada por la Ley Núm. 148 de 27 junio 1968.

arrendamiento. Se expresa en dicho contrato, en el cual comparecen el propietario y la demandante, que el propietario modificó el edificio, que las partes tienen convenido el arrendamiento de un local comercial en dicho edificio, local que allí se describe, que se fija un canon de $250.00 mensuales, cuyo canon la corporación arrendataria manifiesta que "es justo y razonable, de acuerdo con las condiciones y facilidades del local arrendádole." Se pactó el arrendamiento por un año, con prórroga de 4 años más, por el mismo precio, a opción dicha prórroga de la arrendataria.

Aparentemente, al vencerse el contrato la arrendataria ejerció su opción y lo prorrogó. Ya siendo la demandante recurrida inquilina en dicho edificio mediante el contrato antes mencionado es que la demandada recurrente compró el inmueble. La demandante continuó siendo inquilina del nuevo dueño. Luego de solicitar el local por necesitarlo para su propio uso, en 22 agosto 1969 la nueva arrendadora instó acción de desahucio por necesitar de buena fe para sí el local en cuestión. Unos meses más tarde, en 25 febrero 1970, la demandante, entonces inquilina de la demandada, solicitó de ésta que dentro del término de 30 días le pagase $3,000.00 que alegaba que le había cobrado en exceso por concepto de renta. Al no lograr lo solicitado demandó en 15 julio 1970 a la arrendadora solicitándole $9,000.00 por concepto de triple daño más $2,000.00 para honorarios de abogado y las costas y gastos del proceso.

El tribunal de instancia declaró con lugar la demanda y condenó a la demandada recurrente a pagar a la demandante $9,000.00 más las costas y $500.00 para honorarios de abogado. En 12 mayo 1971 decidimos revisar dicha sentencia. En 17 enero 1972 celebramos la audiencia en este caso.

Señala la demandada recurrente los siguientes tres errores:

1. Que erró el tribunal de instancia al asumir jurisdicción en este caso ya que estaba pendiente ante la Administra-

ción de Servicios al Consumidor la inscripción del nuevo canon de arrendamiento fijado por mutuo acuerdo entre las partes.

2. Que erró el tribunal al basarse en el canon fijado en el año 1948.

3. Que erró el tribunal al negarse a hacer determinaciones adicionales de hecho y de derecho que le fueron solicitadas.

Por estar los errores primero y segundo muy relacionados entre sí, los vamos a discutir conjuntamente.

De los autos, podemos reconstruir el historial administrativo del local en cuestión como sigue: En 19 octubre 1948 la Oficina de Administración de Inquilinato, en un formulario de su antecesora la Oficina de Administración de Precios, fijó en $100.00 mensuales el canon de un local de 46 pies de largo por 17 pies de ancho. En el año 1962 el dueño del inmueble le hizo al edificio las mejoras antes mencionadas. Luego de efectuarse dichas mejoras, en 26 junio 1962 la demandante y el dueño convinieron en un canon de $250.00 mensuales y formalizaron el antes mencionado contrato.

Hay una Orden de la Administración de Servicios al Consumidor de 24 noviembre 1969 en la cual se expresa que la renta cobrada por el local era de $100.00, según inscripción de 19 octubre 1948, y que esa renta constituye el alquiler máximo "hasta tanto esta Administración determine otra cosa."

Con sello de "Recibido" en 14 enero 1970 de la Administración de Servicios al Consumidor hay un formulario titulado "Declaración de Inscripción de Local Comercial" sometido por el arrendador a esa oficina en el cual se hace constar que se hicieron mejoras y que el canon pactado luego de las mejoras fue de $250.00 mensuales. En 15 julio 1970 es que la inquilina, aquí demandante recurrida, presenta su demanda en el Tribunal Superior, mientras ocupaba el local a tenor con el contrato suscrito por ella en 26 junio 1962. Según el contrato y

las determinaciones de hechos del juez sentenciador el local en cuestión tiene aproximadamente 60 pies de largo por 18 de ancho, ([2]) lo cual constituye un aumento sustancial de área comparado con el local original de 1948.

■ Finalmente, hay una orden de 21 junio 1971 de la Administración de Servicios al Consumidor en donde se archiva el caso "por no haber solicitud de revisión del propietario." Esto parece que es un error, pues luego de la antes mencionada orden de 24 noviembre 1969 en donde se dijo que el canon fijado en 1948 era de $100.00 y que ese sería el canon hasta tanto se determinase otra cosa, el propietario presentó su Declaración de Inscripción, recibida en 14 enero 1970, informando a la Administración de Servicios al Consumidor sobre las mejoras hechas y sobre el nuevo canon pactado en $250.00 mensuales. Al recibo de esa Declaración de Inscripción, hecha luego de las mejoras y de haberse convenido por el arrendador y el arrendatario un nuevo canon, la Administración debía admitir esa Declaración y aceptar las nuevas condiciones—mejoras y nuevo canon—o debía desaprobarlo si tenía razones en ley para ello. No procedía, pues, posteriormente archivar el caso "por no haber solicitud de revisión del propietario," ya que la hubo en 14 enero 1970.

Como resolvimos en *R&R Shoe Corp.* v. *García Rodríguez*, 95 D.P.R. 571, 580 (1967), una vez hechas las mejoras capitales el arrendador y el arrendatario tenían la facultad de reajustar el canon, o sea, de fijarlo mediante acuerdo mutuo— como hicieron en el caso de autos. Por el contrario, si cualquiera de las partes no hubiese estado conforme con el canon luego de hechas las mejoras, entonces podía recurrir a la Administración para que ésta lo fijase.

■ El contrato suscrito por la arrendataria en junio de 1962 demuestra que la arrendataria estuvo de acuerdo con el nuevo canon. De no haberlo estado pudo haber recurrido a la

---

([2]) Las medidas exactas, según el contrato y las determinaciones de hecho del juez son: 61′9″ x 17′7″ x 59′ x 20′.

Administración para que ésta lo fijase. No solamente lo aceptó sino que al vencerse el término del contrato lo prorrogó a opción suya.

Como se sabe, la Ley de Alquileres Razonables tiene el propósito de garantizar que las rentas sean razonables y de evitar la especulación en el negocio de alquiler de viviendas y de locales comerciales o industriales. *Colón Vélez* v. *Lebrón*, 97 D.P.R. 154 (1969); *Pérez Mercado* v. *Peñagarícano*, 93 D.P.R. 738 (1966). Dada el alza en prácticamente todos los renglones de la economía que ha habido en los últimos quince o veinte años, pretender utilizar los mecanismos de esa Ley para lograr pagar por un local comercial en Río Piedras, de 60 pies de largo por 18 de ancho, la misma renta de $100.00 que en ese mismo lugar se pagaba por un local de 40 pies de largo por 17 de ancho hace más de 21 años, no nos parece razonable. Máxime cuando quién lo intenta utilizó dicho local varios años y trae la reclamación luego de que el dueño lo venció en juicio para obtener de buena fe para su uso el local, sentencia que nos negamos a revisar en 30 junio 1970. La arrendataria demandó a la recurrente en 15 julio 1970. Si las rentas no se mantienen proporcionadas a los costos de mantenimiento—cañerías de agua, instalaciones eléctricas, reparaciones, pintura, etc.—las zonas controladas tienden a deteriorarse y a convertirse en cuasi-arrabales, condición detrimental a la salud y a la estética en la vida urbana.

En vista de lo antes resuelto en *R&R Shoe Corp.* v. *García Rodríguez*, supra, y de los razonamientos antes expuestos, concluimos que se cometieron los primeros dos errores señalados. Se hace innecesario discutir el tercero. *Se revocará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 23 marzo 1971.*

El Señor Juez Presidente y el Juez Asociado, Señor Hernández Matos, no intervinieron .