JUAN RAMÓN VÁZQUEZ ROSADO, demandante y recurrido, *v.* HÉCTOR MOLINI ARBONA, demandado y recurrente.

*Número:* O-68-92    *Resuelto:* 3 de junio de 1969

*Jorge Díaz Cruz,* abogado del peticionario-recurrente; *Francisco Vázquez Gutiérrez* y *Julio Irvin Rodríguez,* abogados del demandante-recurrido.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Este caso se originó con una demanda en cobro de dinero por cánones de alquiler no pagados. Nos llegó vía *certiorari* del Tribunal Superior, adonde llegó en apelación del Tribunal de Distrito. El Tribunal de Distrito declaró la demanda sin lugar y el Tribunal Superior revocó.

Debemos resolver si existiendo un contrato de arrendamiento de finca urbana por plazo fijo puede el arrendatario darlo por terminado unilateralmente antes de su expiración, por el hecho de que el arrendador haya vendido a una tercera persona la propiedad objeto del contrato de arrendamiento.

Los hechos según apreciados por el tribunal de instancia pueden resumirse así. Mediante contrato suscrito ante notario el 6 de agosto de 1962 el dentista Dr. Héctor Molini compró al dentista Dr. Julio Nigaglioni el equipo y mobiliario de la oficina dental de este último. Dicha oficina estaba ubicada en la planta baja de un edificio propiedad de Nigaglioni, sito en la calle Mattei Lluberas de Yauco. Se convino en el contrato que el precio pagado por Molini incluía la plusvalía (*goodwill*) de la oficina dental que el vendedor había atendido allí por muchos años. Además de la venta de equipo y muebles ya mencionada, Nigaglioni le dio en arrendamiento a Molini el edificio donde radicaba la oficina. Se pactó en el contrato de arrendamiento que su duración sería por el término de cinco años a partir del primero de septiembre de 1962. Se dividió el edificio por los contratantes en dos unidades arrendaticias separadas: una, la planta baja que se usaba de oficina y a la cual se le fijó un canon mensual de $250.00; y la otra, la planta alta que se usaba como vivienda y a la cual se le fijó un canon de $150.00 por mes.

Casi tres años después, el 12 de mayo de 1965, el arrendador Nigaglioni, vendió el edificio aquí concernido a Juan Ramón Vázquez Rosado, el aquí demandante. Luego del cambio de dueño del inmueble el demandado Dr. Molini, en di-

ciembre de 1965, informó al nuevo dueño que daba por terminado el arrendamiento de la planta baja y le envió la llave del local. El demandado descontinuó los pagos de la renta mensual de dicho local a partir del primero de enero de 1966. El contrato de arrendamiento, según pactado, vencía el primero de septiembre de 1967.

El tribunal de instancia también llegó a la conclusión de hecho que para mayo de 1965, cuando cambió de dueño el inmueble, ya el arrendatario Dr. Molini había agotado todo beneficio por concepto de plusvalía adquirido en septiembre de 1962 de su vendedor el Dr. Nigaglioni.

Con motivo de la mencionada acción tomada por el arrendatario y del cese de pago de la renta, su arrendador Vázquez Rosado lo demandó en cobro de dinero por concepto de cánones de arrendamiento dejados de pagar, con los resultados antes dichos.

El demandado Molini ha recurrido a nosotros alegando (1) que el Tribunal Superior aplicó mal la Ley de Alquileres Razonables y (2) que el Tribunal Superior erró al entender que continuaba subsistente, luego del cambio de dueño, el contrato de arrendamiento convenido entre el arrendatario y el anterior dueño del inmueble. En su alegato ante nos el recurrente señala un tercer error mediante el cual aduce que no hubo prueba en el sentido de que el alquiler reclamado estuviera dentro del máximo legal fijado por el Administrador de Estabilización Económica.

■ Dichos señalamientos de error no tienen validez. La primera cuestión que mencionamos en el segundo párrafo de esta opinión debe contestarse en forma negativa. Cuando existe un contrato de arrendamiento de finca urbana por plazo fijo el arrendatario no puede unilateralmente darlo por terminado antes de su expiración por el hecho de que el arrendador original haya vendido a otra persona el inmueble objeto del contrato de arrendamiento. Tampoco puede hacerlo el nuevo dueño bajo la Ley de Alquileres Razonables.

El Art. 15 de la Ley de Alquileres Razonables, según enmendado por la Ley Núm. 67 de 19 de junio de 1964, 17 L.P.R.A. sec. 205, dispone que toda persona que adquiera una propiedad arrendada quedará sujeta a los términos de esa Ley y no podrá reclamar otros derechos que aquellos que en la misma se establecen en favor del propietario original. También dispone dicho Art. 15 que en caso de venta, cesión o enajenación de propiedad arrendada, el contrato de arrendamiento que el inquilino tuviera con el dueño anterior se entenderá subsistente. Dispone además dicho artículo que el contrato de arrendamiento sigue sujeto a la prórroga que especifica el Art. 12 de la Ley. De lo anterior puede verse que aunque el inmueble cambie de dueño la relación dueño-inquilino continúa la misma. Salvo pacto en contrario con el inquilino, ni el nuevo dueño tiene derechos que el dueño anterior no tuviese con respecto al inquilino, ni éste adquiere derechos que no tuviese con respecto al dueño anterior con quien contrató el arrendamiento.

El Tribunal de Distrito creyó que la prórroga del Art. 12 de la Ley, que es obligatoria para el propietario y potestativa para el inquilino, autorizaba al inquilino Molini a dar por terminado el contrato de arrendamiento antes de su vencimiento. Esto, naturalmente, fue un error. Dicho Art. 12 dispone como sigue:

"Llegado el día del vencimiento pactado en el contrato de arrendamiento de una propiedad de alquiler, aunque cambie el propietario éste se prorrogará obligatoriamente para el propietario y potestativamente para el inquilino sin alteración de ninguna de sus cláusulas todas las cuales se reputarán vigentes. La anterior es aplicable tanto a contratos escritos como a convenios orales y la prórroga se entenderá por los plazos que fija el Artículo 1471 del Código Civil."—17 L.P.R.A. sec. 192.

La ley es clara en el sentido de que el derecho unilateral del inquilino de prorrogar o terminar el contrato sólo puede

ejercitarse "llegado el día del vencimiento pactado en el contrato de arrendamiento" y no antes.

Como se desprende de los hechos antes relacionados, el inquilino dio por terminado el contrato de arrendamiento antes de llegado el día de su vencimiento. Es luego de vencido el término pactado en el contrato de arrendamiento que el inquilino tiene frente al dueño el derecho de prorrogar o no el contrato. El hecho del cambio de dueño no le dio al inquilino el derecho a violar el contrato que antes no tenía. Dicho contrato, por mandato de ley, continuó subsistente "sin alteración de ninguna de sus cláusulas." 17 L.P.R.A. sec. 192. Como se ve, el Art. 12 y el Art. 15 de la Ley de Alquileres Razonables se complementan y están en armonía. No se cometió el primer error señalado.

Tampoco se cometió el segundo. Como hemos visto, por disposición expresa de los Arts. 12 y 15 de la Ley de Alquileres Razonables, 17 L.P.R.A. secs. 192 y 205, los derechos del dueño y arrendador original eran perfectamente transmisibles al nuevo dueño. Nada hay en los autos que le dé a este contrato de compraventa de muebles y de arrendamiento de inmueble carácter de intransmisibilidad, ya sea por su naturaleza o por pacto o por disposición de ley, condiciones éstas que serían necesarias para darle ese carácter. Art. 1209 del Código Civil, 31 L.P.R.A. sec. 3374. El único ingrediente del contrato de compraventa que podía quizás considerarse intransmisible era el de la plusvalía de la oficina que Nigaglioni le vendió a Molini pero, como señalamos antes, a la fecha en que Molini quiso dar por terminado el contrato de arrendamiento ya había agotado todo beneficio por ese concepto. De manera que lo que quedaba del contrato era su parte común y corriente de un contrato de arrendamiento de inmueble urbano.

■ En el tercer señalamiento se arguye que el Tribunal Superior erró porque no hubo prueba de que el alquiler reclamado estuviera dentro del máximo legal fijado por el Admi-

nistrador de Estabilización Económica. Ni surge de los autos ni el recurrente nos ha demostrado que el Administrador hubiese fijado algún alquiler máximo en este caso, ni alguno que estuviese en conflicto con el alquiler reclamado. En ausencia de prueba en contrario debemos presumir que la ley ha sido acatada y que las transacciones privadas fueron realizadas con rectitud y en debida forma. Ley de Evidencia, 32 L.P.R.A. sec. 1887, apartados 19 y 32.

■ Además, el recurrente no ha demostrado que esa propiedad estuviese alquilada en el año 1942 y por el contrario surge de los autos que su anterior dueño ejerció en ella su práctica profesional durante 34 años. Como el anterior dueño la arrendó a Molini en el 1962 debemos concluir que no estaba arrendada en el 1942 pues para esa fecha el dueño anterior la ocupaba como su oficina profesional. La Ley de Alquileres Razonables dispone que "hasta tanto el Administrador fije el alquiler correspondiente, el alquiler máximo de la propiedad será el primero cobrado." 17 L.P.R.A. sec. 186(d). Todo indica que el alquiler cobrado al demandante Molini fue el primer alquiler cobrado sobre ese local y por ministerio de la ley dicho alquiler es válido y legal. Tampoco se cometió el tercer error señalado.

*Por los anteriores fundamentos se confirmará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en este caso en 10 de enero de 1968 en tanto en cuanto revoca la dictada por el Tribunal de Distrito en 18 de enero de 1967, y se condenará al demandado a pagar al demandante la suma reclamada en la demanda, que es la cantidad de $2,250.00 por concepto de cánones mensuales vencidos y no pagados desde el primero de enero de 1966 hasta el 11 de octubre de 1966, fecha en que se celebró el juicio, a tenor con la demanda enmendada. Se le impondrán las costas al demandado y la suma de $250.00 por concepto de honorarios de abogado.*