CARMEN SUTLIFF, demandante y recurrente, *v.* CECILIO OLA-VARRÍA FRANCO, demandado y recurrido.

*Número:* O-76-528          *Resuelto:* 15 de marzo de 1977

*Leopoldo C. de Luccas,* abogado de la recurrente y peticionaria; *Víctor J. Pagán,* abogado del demandado.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

La demandante Carmen Sutliff opera un negocio de restorán en un local de su propiedad en el Condominio Verde Mar, en Isla Verde, Puerto Rico. En 7 de enero de 1976 compró un local, también comercial, contiguo al suyo. Al efectuarse la compraventa dicho local estaba ocupado por el inquilino Cecilio Olavarría, aquí demandado, quien opera allí un negocio de pizzería.

La nueva dueña instó demanda de desahucio basada en que necesita el local para su uso propio. De tratarse de un arrendamiento de mes a mes, o por un plazo ya vencido, la cuestión sería muy sencilla. Asumiendo que se hubiesen cumplido las disposiciones de la Ley de Alquileres Razonables bastaría la expiración del plazo fijado, o del plazo mensual en su caso, y el nuevo dueño podría exigir la entrega del local. *Colón Vélez* v. *Lebrón*, 97 D.P.R. 154, 159 *ab initio* (1969). Pero la situación de autos no es tan simple.

Aclaremos para comenzar que no se niega que el local en cuestión está sujeto a la Ley de Alquileres Razonables. Es un local comercial y el canon es de $300 mensuales. 17 L.P.R.A. sec. 184.

El demandado, al oponerse al desahucio, se basa en que (1) no se le hizo la notificación que exige la Ley con seis meses de antelación a la demanda; (2) que la demanda no alega que la propiedad de alquiler está inscrita en el Departamento de Asuntos del Consumidor; y (3) que existe un contrato de arrendamiento a su favor por el término de cinco años, el cual no ha expirado.

■ Si bien es cierto que la demanda se instó unos pocos días antes de vencerse el plazo de notificación previa de seis meses (la carta es de 9 enero 1976 y la demanda se presentó en 4 junio 1976) la resolución y orden del Tribunal Superior es de 16 de noviembre de ese año y el Tribunal curó ese defecto al suspender el procedimiento hasta tanto transcurriera el término de la notificación previa que exige la ley, a tenor

con la autoridad que le confiere el Art. 12-B de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 194(e).

■ El segundo planteamiento tiene más sustancia porque la Ley de Alquileres Razonables expresamente exige que todo propietario deberá inscribir la propiedad de alquiler en la Administración de Estabilización Económica, ahora Departamento de Asuntos del Consumidor (se entiende, desde luego, si la propiedad está cubierta por la Ley de Alquileres Razonables), 17 L.P.R.A. sec. 189, y la ley también exige que en toda demanda de desahucio basada en que el propietario necesita para sí el local de negocio, "deberá alegarse específicamente que la propiedad de alquiler está inscrita en la Administración." Léase 17 L.P.R.A. sec. 194(a) conjuntamente con 17 L.P.R.A. sec. 193(6). La demandante no cumplió con este requisito de alegar específicamente que la propiedad adquirida estaba inscrita. Este defecto también es corregible porque bastaría con que la demandante inscribiese la propiedad de alquiler ya que el juez de instancia paralizó los procedimientos hasta que se cumpliese con los requisitos de la ley. Pero como el demandado alega que solicitó la inscripción del local, le bastaría a la demandante obtener una certificación del Departamento de Asuntos del Consumidor en el sentido de que dicho local está inscrito y enmendar la demanda.

El tercer planteamiento va a la médula del caso. Es una cuestión de hecho y será determinante para la solución del mismo. El inquilino demandado alega que tiene un contrato de arrendamiento sin expirar por el plazo de cinco años. El Art. 15 de la Ley de Alquileres Razonables, 17 L.P.R.A. sec. 205, dispone en su párrafo (a) que "Toda persona que adquiera una propiedad arrendada quedará sujeta a los términos de las secs. 181 a 214a de este título y no podrá reclamar otros derechos que aquellos que en la misma se establecen en favor del propietario original."

El mismo artículo en su párrafo (b) dispone que "En

todo caso de venta, cesión o enajenación de propiedad arrendada, el contrato de arrendamiento que el inquilino tuviera con el dueño anterior se entenderá subsistente y sujeto a la prórroga que especifica la sec. 192 de este título."

Tampoco podrá, dispone el párrafo (c) del citado artículo, la persona que adquiera una propiedad arrendada promover contra el inquilino acción alguna de desahucio o para recobrar la posesión de la propiedad a no ser bajo las condiciones que se expresan en las Secs. 193 a 202 del Título 17 de L.P.R.A. De dichas secciones la pertinente al caso que nos ocupa es la 193, que es el Art. 12-A de la Ley de Alquileres Razonables. En virtud de dicha sección el dueño original y el nuevo dueño pueden negar la prórroga del contrato de arrendamiento y promover la acción de desahucio por las causas allí taxativamente relacionadas. El apartado 6 de dicho artículo permite hacerlo cuando el dueño necesita para sí de buena fe el local y bajo las condiciones que allí se especifican. Pero en vista del Art. 15 de la Ley, 17 L.P.R.A. sec. 205, el nuevo dueño, igual que el dueño anterior, viene obligado a respetar el contrato de arrendamiento ya sea éste de mes a mes o por un término mayor, si en efecto así se ha pactado.

De manera que si se probase que el inquilino demandado tiene un contrato de arrendamiento por cinco años la nueva dueña compró sujeto a esa condición y viene obligada a respetar dicho contrato. 17 L.P.R.A. secs. 205 y 192. *Vázquez* v. *Molini Arbona*, 97 D.P.R. 373 (1969). De no ser así sería muy fácil para un propietario arrendador echar a su inquilino antes del vencimiento del contrato si así le conviniese. Bastaría con traspasar la propiedad a un testaferro y este nuevo dueño podría irrespetar el contrato y lanzar al inquilino. Obviamente no es ese ni el espíritu ni la letra de la Ley de Alquileres Razonables. No estamos diciendo que el caso de autos sea un caso de esta naturaleza, pero esa es una protección que la ley le dio a los inquilinos que tienen contrato a plazos fijos. Una vez expirado el contrato el nuevo dueño

queda en las mismas condiciones que el dueño anterior y puede negar la prórroga y promover la acción de desahucio a tenor con las cláusulas especificadas en el Art. 12-A de la Ley, 17 L.P.R.A. sec. 193.

En vista de lo anterior, *se expedirá el auto y se confirmará la resolución recurrida. La cuestión de hecho de si existe un contrato a plazo fijo o uno de mes a mes, deberá ser resuelta por el tribunal de instancia luego de vista la prueba.*

El Juez Asociado Señor Torres Rigual disiente. El Juez Asociado Señor Martín concurre en el resultado.